OPINION OF THE COURT
Per Curiam.
Judgment entered March 8, 1991, reversed on the law, with $30 costs, and the complaint is dismissed.
*134 Plaintiff, a teacher in the New York City school system, brought this action for damages arising out of a robbery and sexual assault committed on her when, after having accompanied her pupils out of the building at the end of the school day, she returned to her classroom. The gravamen of the liability ascribed to defendants was failure to repair a lock on the classroom door, permitting access to the unidentified criminal assailant. At the close of evidence, the court denied defendants’ motion to dismiss the complaint and rejected defendants’ requested charge to the jury to the effect that provision of security was a governmental function. Rather, the court charged that, inter alla, the provision of security in these circumstances was a proprietary function not subject to defendants’ claim of immunity.
We reverse the judgment entered in plaintiff’s favor. Providing security in public schools is a governmental, not proprietary, function, and before a municipality may be held liable for the negligent exercise of a governmental function plaintiff must prove the existence of a special duty based upon a direct promise by the municipality and justifiable reliance thereon (Kircher v City of Jamestown, 74 NY2d 251; Bonner v City of New York, 73 NY2d 930). As there has been neither allegation nor proof of the establishment or existence of such special duty in this case, the complaint must be dismissed.
Riccobono, J. P., Parness and Miller, JJ., concur.