■ GARY LASKER et al., Appellants, v CITY OF NEW YORK et al., Respondents. [599 NYS2d 89] —In an action to recover damages for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Greenstein, J.), dated May 6, 1991, which, upon an order of the same court, dated March 25, 1991, granting the defendants' motion for summary judgment dismissing the complaint, is in favor of the defendants and against them.

Ordered that the judgment is affirmed, with costs.

The plaintiff Gary Lasker, a physical education teacher at Lafayette High School, was injured when an unidentified individual threw a desk-chair unit from a stairwell platform, which struck him as he was ascending the steps.

The plaintiffs subsequently commenced the instant action, alleging in the complaint and bill of particulars that the defendants City of New York and New York City Board of Education were negligent in that they, *inter alia,* failed to employ proper security guards, failed to supervise the premises, failed to protect the plaintiff Gary Lasker's safety, allowed and permitted students upon the stairwell who were belligerent, and failed to warn the plaintiff of the students' violent propensities.

At his deposition, the plaintiff Gary Lasker further alleged that an outside entrance door had been in disrepair for some time prior to the accident, although neither the complaint nor the bill of particulars made mention of this factual assertion as a ground supporting the plaintiffs' allegations of negligence.

The Supreme Court subsequently granted the defendants' motion for summary judgment. We affirm.

It is well settled that the "provision of security against physical attacks by third parties * * * is a governmental function * * * and that no liability arises from the performance of such a function absent special duty of protection" (*Bonner v City of New York*, 73 NY2d 930, 932; *Vitale v City of New York*, 60 NY2d 861; *Porterfield v City of New York*, 175 AD2d 787; *Feder v Board of Educ.*, 147 AD2d 526; *Bisignano v City of New York*, 136 AD2d 671; *Marilyn S. v City of New York*, 134 AD2d 583, *affd* 73 NY2d 910; *Berler v City of New York*, 152 Misc 2d 133, 134). Contrary to the plaintiffs' contentions, we conclude that the gravamen of their claim is that the school failed to provide proper security against physical attacks by third parties. However, there is no claim made that the defendants owed the injured plaintiff any such special duty of protection. Accordingly, the plaintiffs' complaint was properly dismissed. Thompson, J. P., Sullivan, Lawrence and Eiber, JJ., concur.