■ BENEDICT JACOBELLIS et al., Respondents, v CITY OF NEW YORK et al., Appellants. [602 NYS2d 877] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Greenstein, J.), dated July 23, 1991, which denied their motion to dismiss the complaint for failure to state a cause of action, or in the alternative, for summary judgment.

Ordered that the order is reversed, on the law, with costs, that branch of the motion which is for summary judgment dismissing the complaint is granted, and the complaint is dismissed.

The injured plaintiff, a teacher at a vocational and technical school, claimed that he was injured as a result of the defendants' negligence "in fail[ing] to provide adequate security". Specifically, he alleged that he was injured when he was unable to summon security personnel to his classroom in order to remove a student in possession of a weapon because the defendants failed to keep an intercom system in good repair. He further alleged that he was injured as he was attempting to remove the weapon and the student to the principal's office.

The negligence alleged in this case does not stem from the defendants' failure to fulfill a proprietary duty, as urged by the plaintiffs. Rather, the gravamen of the plaintiffs' allegations is a failure by the defendants to provide security. Since

the plaintiffs have not alleged the existence of a special duty on the part of the defendants, the trial court should have granted the defendants' motion for summary judgment dismissing the complaint (see, Weinstein v Board of Educ., 127 AD2d 655; Berler v City of New York, 152 Misc 2d 133). Thompson, J. P., Sullivan, Miller, Ritter and Santucci, JJ., concur.