■ LAURA O., Respondent, v STATE OF NEW YORK, Appellant. [610 NYS2d 533] —In a negligence claim to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Court of Claims (Margolis, J.), dated March 26, 1992, as denied its motion for summary judgment dismissing the claim.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, the motion for summary judgment is granted, and the claim is dismissed.

The claimant, a student at the State University of New York at Purchase, was assaulted and raped by a nonstudent intruder while practicing the piano in the campus music building at a time when no students were allowed to be in the building. She brought this claim against the State to recover damages for, *inter alia,* personal injuries, alleging, *inter alia,* that the State had breached its proprietary duty as a landlord to protect her from criminal activity. The Court of Claims denied the defendant's motion for summary judgment on the ground that there were issues of fact regarding whether the State was acting in its governmental or proprietary capacity. We disagree.

When the State assumes a dual role, acting in both its proprietary and governmental capacities, it is the specific act or omission out of which the injury is claimed to have arisen and the capacity in which that act or failure to act occurred which governs liability, not whether the agency involved is generally engaged in proprietary activity or is in control of the location where the injury occurred *(see, Weiner v Metropolitan Transp. Auth.,* 55 NY2d 175, 182).

The claimant contends that, since the university officials were aware that students occupied the building after closing hours and that the music building was being used as a quasi-dormitory, the State had a duty as a landlord to make the premises safe for her occupation. Notably, however, the record indicates that the claimant was not a resident of the campus and that she was aware that she had no right to be in the music building after it closed. The record also indicates that the university administration did not maintain the music building as a dormitory and that it made reasonable efforts to ensure that the building was not used as a dormitory. The record further indicates that the campus security forces patrolled the music building in the same manner as all other nondormitory buildings on the campus. Thus, the record supports a finding that the State was acting in its governmental capacity.

Since the specific failure to act of which the State is accused is the failure to provide adequate security for the claimant while in a campus building, a governmental function, no liability arises from the performance of such a function absent a showing of a special duty of protection *(see, Marilyn S. v City of New York,* 134 AD2d 583, *affd* 73 NY2d 910; *see also,*

*Weiner v Metropolitan Transp. Auth., supra,* at 182). Here, there is no evidence in the record that the State owed the claimant a special duty of protection upon which she relied. Thus, the record fails to establish any legal basis for judgment in the plaintiff's favor. Accordingly, the order is reversed, and the complaint is dismissed *(see, Marilyn S. v City of New York, supra; see also, Vitale v City of New York,* 60 NY2d 861). Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.