■ GAETANO FONTANA, Respondent, v FALIDES ASSOCIATES, Appellant, et al., Defendants. [609 NYS2d 640] —In a negligence action to recover damages for personal injuries, the defendant Falides Associates appeals from so much of an order of the Supreme Court, Queens County (Price, J.), dated February 14, 1992, as denied its motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff sustained personal injuries when he was assaulted and robbed while on a staircase approaching a subway station in Queens, New York. The subject staircase constitutes part of an easement providing access to the subway, which traverses premises owned by the defendant Falides Associates (hereinafter Falides). The indenture memorializing the easement requires Falides to take "every proper precaution to prevent * * * breaches of the peace" in the passageway. In commencing this action, the plaintiff has alleged that Falides failed to provide adequate safety and security measures on the subject premises. In moving for summary judgment, Falides asserted that in absence of prior criminal activity in the subject passageway, it did not owe to the plaintiff a duty to provide such security measures. The Supreme Court denied the motion. We affirm.

It is now settled that "[a] person who possesses realty, either as an owner or as a tenant, is under a duty to exercise reasonable care under the circumstances to maintain the property in a safe condition, including the undertaking of minimal precautions to protect members of the public from the reasonably foreseeable criminal acts of third persons" (Provenzano v Roslyn Gardens Tenants Corp., 190 AD2d 718, 720; see also, Iannelli v Powers, 114 AD2d 157, 161). Under ordinary circumstances, the duty to employ protective measures arises when it is shown that the possessor of the property "either knows or has reason to know from past experience 'that there is a likelihood of conduct on the part of third persons * * * which is likely to endanger the safety of the visitor' " (Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 519, quoting from Restatement [Second] of Torts § 344, comment f).

In this case, the record evinces an absence of prior criminal activity in the passageway through Falides's premises. However, we find that Falides assumed a duty to "take every proper precaution to prevent * * * breaches of the peace" in the passageway by virtue of the covenant contained in the indenture. The covenant was clearly intended to benefit those members of the general public who used the subject passageway, thereby creating a duty to the plaintiff as a member of the subway-riding populace (cf., Haigler v City of New York, 135 AD2d 362; Oathout v Johnson, 88 AD2d 1010; see generally, Moch Co. v Rensselaer Water Co., 247 NY 160, 166). Since there remain material factual questions as to whether a duty was breached which proximately caused the plaintiff's injuries, the Supreme Court properly denied Falides's motion for summary judgment (see, Alvarez v Prospect Hosp., 68 NY2d 320, 324). Bracken, J. P., Balletta, Pizzuto and Hart, JJ., concur.