■ LUCY A. THOMAS, Individually and as Administratrix of the Estate of JOHN THOMAS, Deceased, Appellant, v CITY OF NEW YORK et al., Respondents. (And a Third-Party Action.) [625 NYS2d 630] —In an action to recover damages for wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), dated January 20, 1994, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

During the early morning hours of January 31, 1989, an intruder entered a storage yard leased by the defendant Board of Education of the City of New York. The intruder shot and killed John Thomas, the night watchman. The plaintiff Lucy Ann Thomas subsequently commenced this wrongful death action, alleging that the defendants had negligently failed to secure the yard from intruders, and to take proper precautions to ensure the safety of employees. However, it is well settled that under these circumstances, the "provision of security against physical attacks by third parties * * * is a governmental function * * * and that no liability arises from the performance of such a function absent a special duty of protection" *(Bonner v City of New York,* 73 NY2d 930, 932). In the case before us, there is no evidence that the defendants owed a special duty of protection to the decedent, who himself

played an integral role in securing the premises from intruders. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment *(see, Bonner v City of New York, supra; Laura O. v State of New York,* 202 AD2d 559; *Lasker v City of New York,* 194 AD2d 646; *Wolff v City of New York,* 190 AD2d 732). Bracken, J. P., Pizzuto, Hart and Krausman, JJ., concur.