■ LARRY KRAKOWER et al., Appellants, v CITY OF NEW YORK et al., Respondents. [629 NYS2d 435] —Order and judgment (one paper), Supreme Court, Bronx County (Lottie Wilkins, J.), entered December 27, 1993, which, after a jury trial, granted the motion by the defendant Board of Education of the City of New York ("the Board") for a directed verdict and dismissed the plaintiffs' complaint as against the Board, unanimously affirmed, without costs.

The trial court properly granted the Board's motion for a directed verdict setting aside the jury verdict in favor of the plaintiff, an intermediate school teacher, in the underlying action seeking monetary damages for personal injuries sustained by the plaintiff and for negligent school security as the result of an assault upon plaintiff outside his school classroom, based upon the court's determination that the plaintiff had failed to establish, and that there was no valid line of reasoning on the basis of the evidence presented at trial which could possibly lead the jurors to conclude, that the Board owed plaintiff a special duty to protect him from harm against an assault by a third party on school premises (*Cuffy v City of New York*, 69 NY2d 255, 260; *Cohen v Hallmark Cards*, 45 NY2d 493, 499). No special relationship was created between the plaintiff, as a public school teacher, and the Board, by the 1987-1990 contract between the United Federation of Teachers ("U.F.T.") and the Board, and by the Chancellor's Special Circular No. 4, adopting and implementing a school security plan (*Vitale v City of New York*, 60 NY2d 861).

In New York, it is recognized that the only narrow exception to the general rule that a municipality cannot be held liable for its failure to protect the public at large from harm exists when the plaintiff can establish the existence of a special relationship, running from the municipality to the individual or protected group, thereby creating a special duty owed to the plaintiff (*Cuffy v City of New York, supra*). Providing security to public school teachers against criminal acts by third parties on school premises is a governmental function upon which no municipal liability may be imposed absent proof of such a special relationship that creates a special duty between the person and the municipality (*Bonner v City of New York*, 73 NY2d 930, 932).

In setting aside the jury verdict, the trial court properly found that the plaintiffs failed to establish, by either testimo-

nial or documentary evidence adduced at trial, the existence of a special duty on the part of the Board to protect plaintiff from harm by third parties on school premises, where, as here, nothing in the adoption or content of the school security plan promulgated by the contract and the Chancellor's Circular, which specifically provided a general plan designed for the benefit and safety of all members of the general public similarly situated, including, but not limited to, students, teachers, staff, parents and visitors, present on school premises, warranted a finding that the contract created an affirmative duty upon the Board to provide safety to, or was designed or intended solely and specially for the benefit of, the plaintiff or other U.T.F. teachers (*Vitale v City of New York, supra*; *O'Connor v City of New York*, 58 NY2d 184, 189). Concur— Sullivan, J. P., Ellerin, Ross, Asch and Williams, JJ.