■ DEAN MOBERG et al., Respondents, v NEW YORK YANKEES et al., Defendants, and BURNS INTERNATIONAL SECURITY SERVICES, INC., Appellant. [630 NYS2d 509] —In an action to recover damages for personal injuries, etc., the defendant Burns International Security Services, Inc., appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Queens County (Lerner, J.), dated October 22, 1993, as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it, and (2) an order of the same court, dated February 28, 1994, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated October 22, 1993, is dismissed, as that order was superseded by the order dated February 28, 1994, made upon reargument; and it is further,

Ordered that the order dated February 28, 1994, is reversed insofar as appealed from, on the law, the order dated October 22, 1993, is vacated, upon reargument, the motion of the defendant Burns International Security Services, Inc., is granted, the complaint is dismissed insofar as it is asserted against that defendant, and the action against the remaining defendants is severed; and it is further,

Ordered that the defendant Burns International Security Services, Inc., is awarded one bill of costs.

The plaintiff Dean Moberg (hereinafter Moberg) was injured

when, while attending a ball game at Yankee Stadium, he was assaulted by another patron at a service area in the stadium. Pursuant to a contract with the Yankees, the defendant Burns International Security Services, Inc. (hereinafter Burns), provided security guard services at the stadium.

Moberg testified that he was using a public telephone for three or four minutes when the individual who had been standing behind him in line tried to hang up the phone and started jumping on his back. Moberg hung up the phone, and the individual hit him with a "right hook" on the left side of his head and continued to hit him in the face and head. Burns security guards arrived on the scene shortly thereafter. The plaintiffs sought damages against Burns asserting that Moberg was an intended third-party beneficiary of the contract between Burns and the Yankees and that Burns was liable to them for failing to prevent the assault or detain the perpetrator. We disagree.

Even assuming that Moberg was an intended third-party beneficiary of the contract between Burns and the Yankees, it cannot be concluded that Burns could have reasonably expected, anticipated, or prevented the attack upon Moberg (see, Garofalo v Henrietta Italia, 175 AD2d 580; Lindskog v Southland Rest., 160 AD2d 842; Silver v Sheraton-Smithtown Inn, 121 AD2d 711).

We have considered the plaintiffs' remaining contention and find it to be without merit. Balletta, J. P., Rosenblatt, Ritter and Altman, JJ., concur.