■ NAFIS RASHED, Appellant, v STATE OF NEW YORK et al., Respondents. (Claim No. 90868.) [648 NYS2d 131] —In a negligence claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Mega, J.), dated June 26, 1995, which granted the defendants' motion for summary judgment dismissing the claim.

Ordered that the order is affirmed, with costs.

The claimant was injured when he was stabbed by an unknown assailant with a knife during a "rap" concert at the York College campus of the City University of New York. "When the State assumes a dual role, acting in both its proprietary and governmental capacities, it is the specific act or omission out of which the injury is claimed to have arisen and the capacity in which that act or failure to act occurred which governs liability, not whether the agency involved is generally engaged in proprietary activity or is in control of the location where the injury occurred" *(Laura O. v State of New York,* 202 AD2d 559, 560; *see, Weiner v Metropolitan Transp. Auth.,* 55 NY2d 175, 182).

In the present case, the record supports a finding that the State was acting in its governmental capacity, since the campus security personnel engaged in certain security measures, to which all members of the general public were subjected before they could enter the campus facility for the concert. The purpose of the security measures, which included requiring all members of the public to pass through a metal detector and be subjected to a "pat down", was to prevent individuals from entering the facility with weapons.

Since the specific failure to act of which the State is accused is the failure to provide adequate security for the claimant while in the campus facility, a governmental function, no li-

ability arises from the performance of such a function absent a showing of a special duty of protection *(see, Bonner v City of New York,* 73 NY2d 930, 932; *see also, Marilyn S. v City of New York,* 73 NY2d 910, *affg* 134 AD2d 583, 585 *for reasons stated at App Div; Vitale v City of New York,* 60 NY2d 861; *Laura O. v State of New York, supra,* 202 AD2d, at 560). There is no evidence in the record that the State owed the claimant a special duty of protection upon which he relied. Thus, the record fails to establish any legal basis for judgment in the claimant's favor.

The claimant's remaining contention is without merit. Joy, J. P., Altman, Friedmann and Krausman, JJ., concur.