■ DEBORAH RUCHALSKI, Appellant, v SCHENECTADY COUNTY COMMUNITY COLLEGE et al., Respondents. [656 NYS2d 784] —Crew III, J. Appeal from an order of the Supreme Court (Lynch, J.), entered June 4, 1996 in Schenectady County, which, inter alia, granted defendants' motions for summary judgment dismissing the complaint.

In February 1992, while standing in line at a cafeteria located in Elston Hall on the campus of defendant Schenectady County Community College (hereinafter SCCC), plaintiff was struck in the head by a traffic cone and rendered unconscious. A group of five or more individuals, who apparently had been fighting in the hallway, entered the cafeteria, where the altercation continued. Suddenly, one of the individuals (hereinafter the assailant) handed an item to an individual standing in line at the register stating, "here, hold this, I [want to] kill someone", and picked up the traffic cone, which he then hurled in plaintiff's direction, striking her in the temple.

Plaintiff thereafter commenced this action against SCCC, de-

fendant County of Schenectady, defendant Schenectady County Community College Faculty Student Association (hereinafter FSA), which provided certain auxiliary services to SCCC students, and defendant Quality Food Management, Inc. (hereinafter QFM), which provided food service to the subject cafeteria. Following joinder of issue and discovery, QFM and FSA moved for summary judgment dismissing the complaint and all cross claims asserted against them contending, *inter alia*, that neither entity had a duty to supervise the students in the cafeteria. The County and SCCC thereafter cross-moved for similar relief upon the grounds that they were immune from liability and, further, that the assailant's conduct in attacking plaintiff was not foreseeable. Supreme Court granted defendants' respective motions, and this appeal by plaintiff ensued.

We affirm. Contrary to plaintiff's assertion, the County and SCCC's alleged negligence does not flow from their failure to fulfill a proprietary function, for which a municipal defendant may be held liable. The crux of plaintiff's claim, as evidenced by the pleadings and her affidavits and examination before trial testimony, is that the County and SCCC were negligent in failing to provide proper security. In this regard, it is well settled that "the provision of security against physical attacks by third parties * * * is a governmental function involving policymaking regarding the nature of the risks presented, and that no liability arises from the performance of such a function absent a special duty of protection" (*Bonner v City of New York*, 73 NY2d 930, 932; *see, Krakower v City of New York*, 217 AD2d 441, *lv denied* 87 NY2d 804; *Laura O. v State of New York*, 202 AD2d 559, 560; *Lasker v City of New York*, 194 AD2d 646, 647; *Marilyn S. v City of New York*, 134 AD2d 583, 584-585, *affd* 73 NY2d 910). Plaintiff has not alleged and the record does not support a finding that a special relationship existed between the relevant parties and, as such, Supreme Court properly granted the County and SCCC's motion for summary judgment dismissing the complaint.

We reach a similar conclusion with respect to the motions made by FSA and QFM. Robert Maurovich, SCCC's Dean of Student Affairs and chair of FSA's board of directors, testified at his examination before trial that neither FSA nor QFM had any authority or responsibility to supervise or control the cafeteria area. Specifically, with respect to QFM, Maurovich testified that QFM's only responsibility with respect to safety issues in the cafeteria related to the preparation of food, e.g., compliance with applicable sanitary regulations, and that its obligation to supervise or control the students extended only to

the provision of food services, e.g., helping students form lines. Maurovich further stated that QFM had been instructed that it was to contact security if a problem arose in the cafeteria. As for FSA, Maurovich stated that its only responsibility with respect to the cafeteria was providing food and custodial services. FSA had no right to bar individual students from the cafeteria and retained no authority to discipline students who violated SCCC's code of conduct. Maurovich further testified that it was SCCC, not FSA, that was responsible for establishing rules and regulations governing the conduct of students in the cafeteria, and that FSA possessed no supervisory authority with respect to security personnel (*see, Kelly v Great Neck Union Free School Dist.*, 192 AD2d 696, 697, *lv denied* 82 NY2d 658). In our view, the foregoing testimony more than satisfied FSA and QFM's initial burden on their respective motions for summary judgment, and the proof submitted by plaintiff in opposition, consisting primarily of the contract between FSA and QFM for the provision of food services, is insufficient to raise a question of fact as to whether FSA or QFM were responsible for supervising students in or providing security for the cafeteria area.

Moreover, although issues of proximate cause and foreseeability usually constitute questions for the trier of fact, plaintiff's examination before trial testimony and that of Geraldine Juracka, a QFM employee who witnessed the attack, established that the assailant's conduct here simply was not foreseeable. Juracka, who testified that the entire incident occurred in a matter of seconds, stated that the assailant entered the cafeteria, "lost control", struck a wrought iron partition, threw the traffic cone, punched his hand through a glass door and exited. Plaintiff, although stating that the incident lasted a few minutes, similarly testified that the assailant, upon entering the cafeteria, suddenly approached another individual in line, asked this person to hold something for him, announced that he wanted to kill someone and "[t]hen out of nowhere * * * picked up [the traffic] cone and threw it". Under such circumstances, there was no duty to guard against an occurrence so extraordinary in nature (*see, Moberg v New York Yankees*, 218 AD2d 731, 732, *lv denied* 87 NY2d 807; *Silver v Sheraton-Smithtown Inn*, 121 AD2d 711).

We have examined plaintiff's remaining contentions, including her assertion that the motions for summary judgment dismissing the complaint should have been denied due to outstanding discovery requests, and find them to be lacking in merit. Accordingly, Supreme Court's order should be affirmed.

Mikoll, J. P., Casey, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.