■ THOMAS MANNING et al., Respondents, v ARDSLEY UNION FREE SCHOOL DISTRICT et al., Appellants. [667 NYS2d 317] —In a negligence action to recover damages for personal injuries, etc., the defendants Michael Morano and Victoria Morano appeal from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered October 3, 1996, as denied their motion for summary judgment dismissing the cause of action alleging negligent supervision insofar as asserted against them. The defendant Ardsley Union Free School District separately appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion of the defendant Ardsley Union Free School District and substituting therefor a provision granting that motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Ardsley Union Free School District payable by the respondents.

On December 18, 1992, 34-year-old Thomas Manning visited Ardsley Union Free School District (hereinafter Ardsley) to watch his brother, a member of the Sacred Heart High School Junior Varsity basketball team, play against Ardsley. After the game, an altercation erupted in the Ardsley parking lot during which Manning was allegedly beaten by several Ardsley students including 14-year-old Angelo Morano. Thereafter, Manning and his wife commenced this personal injury action against Ardsley and Morano's parents.

It is well settled that the "provision of security against physical attacks by third parties * * * is a governmental function * * * and that no liability arises from the performance of such a function absent a special duty of protection" (*Bonner v City of New York*, 73 NY2d 930; *see also, Vitale v City of New York*, 60 NY2d 861; *Ruchalski v Schenectady County Community Coll.*, 239 AD2d 687; *Krakower v City of New York*, 217 AD2d 441; *Thomas v City of New York*, 214 AD2d 724; *Lasker v City of New York*, 194 AD2d 646; *Marilyn S. v City of New York*, 134 AD2d 583). The gravamen of the plaintiffs' claims against Ardsley is that it failed to provide proper security against attacks by third parties. However, the plaintiffs have not established that Ardsley owed them any such special duty of protection. Thus, there can be no legal basis for judgment in the plaintiffs' favor (*see, Ruchalski v Schenectady County Community Coll., supra; Rashed v State of New York*, 232 AD2d 394; *Krakower v City of New York, supra; Perry v Board of Educ.*, 189 AD2d 939).

The contentions of the defendants Michael Morano and Victoria Morano are without merit. O'Brien, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.