(April 26, 1999)

■ ADEWALE AKINWANDE et al., Appellants, v CITY OF NEW YORK, Respondent. [688 NYS2d 651] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Bruno, J.), dated March 5, 1998, which (1) denied their motion to strike the defendant's answer upon its failure to provide discovery and appear for an examination before trial pursuant to a preliminary conference order, (2) granted the defendant's cross motion for summary judgment dismissing the complaint, and (3) denied their separate motion for leave to amend the complaint to assert additional causes of action.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiffs' contention, the Supreme Court properly granted the defendant's cross motion for summary judgment dismissing the complaint. The plaintiffs' theory of recovery was premised upon the defendant's failure to provide an adequate and proper security force to prevent attacks by third parties at the homeless shelter where the incident occurred. It is well settled that such a claim implicates a governmental function, liability for the performance of which is barred absent the breach of a special duty owed to the injured party (*see, Clinger v New York City Tr. Auth.*, 85 NY2d 957; *Bonner v City of New York*, 73 NY2d 930; *Marilyn S. v City of New York*, 134 AD2d 583, *affd* 73 NY2d 910; *Thomas v City of New York*, 214 AD2d 724; *Lasker v City of New York*, 194 AD2d 646). Since there was no special relationship in this case, the plaintiffs' are precluded from recovering under this theory (*see, Manning v Ardsley Union Free School Dist.*, 246 AD2d 632; *Jacobellis v City of New York*, 197 AD2d 671; *Wolff v City of New York*, 190 AD2d 732).

The Supreme Court did not improvidently exercise its discretion in denying the plaintiffs' motion for leave to amend the complaint to assert additional causes of action premised upon an alleged failure to provide a safe workplace. Since that duty does not extend to risks inherent in the very work to be performed by the injured party (*see, Gasper v Ford Motor Co.*, 13 NY2d 104, 110; *Cannon v State of New York*, 232 AD2d 444; *Meyers v City of New York*, 230 AD2d 691), the proposed amendment was without merit (*see, Dos v Scelsa & Villacara*, 200 AD2d 705; *Sanford v Sanford*, 176 AD2d 932).

Therefore, the Supreme Court properly denied the plaintiffs' motion to strike the defendant's answer for failure to comply with discovery, since the disclosure sought by the plaintiffs could not have cured the defects in their claims. Mangano, P. J., H. Miller, Feuerstein, Schmidt and Smith, JJ., concur.