■ MARIE J. BAIN, Respondent, v NEW YORK CITY BOARD OF EDUCATION, Appellant. [702 NYS2d 334] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated December 11, 1998, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff, a substitute teacher in a public school, commenced this action after she was attacked in the school by an intruder. She alleged that the defendant was negligent in failing to provide adequate security. It is well settled that the provision of security against physical attacks in schools by intruders "is a governmental function involving policymaking regarding the nature of the risks presented, and that no liability arises from the performance of such a function absent a special duty of protection" (*Bonner v City of New York,* 73 NY2d 930, 932; *see, Dickerson v City of New York,* 258 AD2d 433; *Edwards v City of Mount Vernon,* 230 AD2d 821; *see also, Krakower v City of New York,* 217 AD2d 441; *Salmond v Board of Educ.,* 131 AD2d 829, 830). To establish a special duty of protection, a plaintiff must show "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (*Cuffy v City of New York,* 69 NY2d 255, 260).

The defendant met its burden of establishing that no special duty of protection existed since it is clear from the record that it made no affirmative promise of protection to the plaintiff. In addition, the defendant's mere implementation of security measures at the school did not give rise to a special duty (*see, Dickerson v City of New York, supra*). Thus, the defendant was entitled to summary judgment. O'Brien, J. P., Sullivan, Goldstein, Luciano and Feuerstein, JJ., concur.