■ Frank DiGravina et al., Respondents, v City of New York et al., Appellants. [717 NYS2d 633] —In an action to re-

cover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated January 20, 2000, as denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the complaint is dismissed.

The plaintiff Frank DiGravina (hereinafter the plaintiff), a custodial employee at P.S. 241 in Brooklyn, was injured when he opened the main door of the building for an unidentified man, who then forced his way inside and shot him. The defendants contend that the Supreme Court erred in denying their cross motion for summary judgment because the gravamen of the plaintiffs' allegations involve the failure to provide proper security, which is a governmental function. We agree. The "provision of security against physical attacks by third parties * * * is a governmental function" (*Bonner v City of New York,* 73 NY2d 930, 932; *Vitale v City of New York,* 60 NY2d 861), and no liability arises from the alleged failure to perform such a function unless it is established that the defendant owed a special duty of protection to the injured plaintiff (*see, Bonner v City of New York, supra; Vitale v City of New York, supra*). Contrary to the plaintiffs' contention, the negligence alleged in this case does not stem from the defendants' alleged failure to fulfill their proprietary duties as owner and lessee, respectively, of the building, but instead involves the governmental function of implementing security measures (*see, McEnaney v State of New York,* 267 AD2d 748; *Jacobellis v City of New York,* 197 AD2d 671; *Lasker v City of New York,* 194 AD2d 646; *Wolff v City of New York,* 190 AD2d 732). Since the plaintiffs have not demonstrated the existence of a special duty, the defendants' cross motion for summary judgment should have been granted. Bracken, J. P., Altman, Friedmann and Krausman, JJ., concur.