■ PATRICIA KAVANAGH, Respondent, v MARLENE VIGARIO et al., Respondents, and NEW YORK YANKEES PARTNERSHIP et al., Appellants. [765 NYS2d 627] —Order, Supreme Court, Bronx County (Kenneth Thompson, J.), entered October 15, 2002, which denied defendants-appellants' motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

According to the complaint, plaintiff was assaulted by the Vigario defendants at Yankee Stadium during a baseball game. It is alleged that for three innings prior to the assault the Vigarios had been smoking and that when plaintiff requested that they stop they became verbally abusive. Plaintiff, at that point, asked a stadium security guard employed by defendant Burns International to intervene, which the guard did, but only to the extent of asking the Vigarios to stop the complained-of conduct. The guard then left the scene and the assault on plaintiff ensued. Although appellants maintain that the assault was not foreseeable and that it was not proximately caused by any failure upon the security guard's part to take more decisive action with respect to the Vigarios, factual questions are raised precluding the disposition of either issue in appellants' favor. There is evidence to support the inference that the security guard was alerted to a potentially explosive situation and that had he acted more assertively or monitored the situation more closely the assault upon plaintiff would not have occurred (see Gordon v Eastern Ry. Supply, 82 NY2d 555, 562 [1993]). Burns's argument that it was under no duty to enforce the Yankee organization's no-smoking policy is dubious given statements in the Yankees Ticket Account Information and Guest Services Handbook to the effect that smoking is prohibited in the stadium and that violators of the smoking prohibition will be ejected immediately. Appellants' additional

argument that Burns was under no duty to plaintiff because plaintiff was not a third-party beneficiary of the security contract between Burns and the New York Yankees is not properly presented for the first time on appeal (*see Sabharwal v Eminax, LLC*, 305 AD2d 336 [2003]). Concur—Buckley, P.J., Nardelli, Sullivan, Williams and Lerner, JJ.