■ Troy Jerideau et al., Respondents, v Huntington Union Free School District, Appellant, et al., Defendant. [801 NYS2d 394]—

In an action to recover damages for personal injuries, the defendant Huntington Union Free School District appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated February 23, 2004, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The plaintiffs were injured when they were each stabbed during a fight which took place on the grounds of Huntington High School following a football game. The plaintiffs commenced separate actions against the defendants Huntington High School and Huntington Union Free School District (hereinafter the District) alleging that the defendants failed to provide adequate security for the game and failed to properly supervise the crowd. By order of the Supreme Court, Suffolk County, dated June 11, 2003, the actions were consolidated. Subsequently, the District moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the District's motion. We reverse.

The "provision of security against physical attacks by third

parties . . . is a governmental function . . . and . . . no liability arises from the performance of such a function absent a special duty of protection" (*Bonner v City of New York*, 73 NY2d 930, 932 [1989]; *see Vitale v City of New York*, 60 NY2d 861 [1983]; *Manning v Ardsley Union Free School Dist.*, 246 AD2d 632 [1998]). This special duty arises when a municipality assumes an affirmative duty to act on behalf of a specific party, and that party justifiably relies on the direct assurances of the municipality's agents (*see Cuffy v City of New York*, 69 NY2d 255, 260 [1987]).

The District made a prima facie showing of its entitlement to summary judgment by demonstrating that it owed no special duty to the plaintiffs and, in response, the plaintiffs failed to raise a triable issue of fact. The mere provision of security at a high school does not give rise to a special duty of protection (*see Bain v New York City Bd. of Educ.*, 268 AD2d 451 [2000]; *Dickerson v City of New York*, 258 AD2d 433 [1999]). The District did not make direct assurances regarding security to any of the plaintiffs, and the plaintiffs did not know about the increased security provided at the game. They therefore could not have relied upon the provision of additional security in deciding to attend the event (*see Cuffy v City of New York*, *supra*).

The plaintiffs' causes of action to recover damages for negligent supervision must likewise fail because the District did not have a duty to supervise nonstudent spectators at the game (*see Goga v Binghamton City School Dist.*, 302 AD2d 650 [2003]).

In light of the foregoing, we do not address the District's remaining contentions. Schmidt, J.P., S. Miller, Mastro and Rivera, JJ., concur.