KATHERINE RIVERA, an Infant, by Her Mother and Natural Guardian, LIZ MONTANEZ, et al., Respondents, v 1652 POPHAM ASSOCIATES, LLC, et al., Appellants. [818 NYS2d 505]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered April 8, 2005, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Issues of fact as to the foreseeability of the alleged rape committed against plaintiff mother in her apartment in the presence of plaintiff daughter are raised by evidence of, inter alia, pervasive drug dealing and frequent other criminal activity in the building serious enough to warrant regular police vertical patrols of the building, a neighbor's report to the building superintendent, a month before the attack, that she had twice seen a strange man on the fire escape outside her kitchen window and the superintendent's installation of a grate on the neighbor's kitchen window the day before the attack (*see Jacqueline S. v City of New York*, 81 NY2d 288, 295 [1993]). Although defendants argue that plaintiff failed to demonstrate that the attacker was an intruder, the focus here is not so much on defendants' negligence in allowing general admission to the apartment building but, rather, on negligence in failing to provide adequate safeguards to secure plaintiff's particular unit. In that regard, plaintiff showed that, inter alia, her apartment was accessible from the fire escape outside her kitchen window; the fire escape ladder was, after the incident, in its usual improper down position, providing a possible point of access to the apartment other than through the front door, which plaintiff testified she had locked with a working dead bolt; the kitchen window was unlocked after the incident; the kitchen window lock could be "jimmied" open from the outside with a butter knife; and the windows in the building were old and had inadequate locks (*see Torres v New York City Hous. Auth.*, 93 NY2d 828 [1999]). In view of the foregoing evidence, we also note plaintiff daughter's hearsay statements to the police and plaintiff mother that she saw the attacker exit through the kitchen window (*see Navedo v 250 Willis Ave. Supermarket*, 290 AD2d 246, 247 [2002]). Defendants provided no building records to substantiate their vague claims of regular maintenance and lack of criminal complaints involving the premises. We have considered and rejected defendants' other arguments, as well as plaintiffs' request for partial summary judgment on liability. Concur—Sullivan, J.P., Williams, Gonzalez, Catterson and McGuire, JJ.