WILLIAM SALONE et al., Respondents, v TOWN OF HEMPSTEAD, Appellant. [937 NYS2d 103]—

The plaintiffs alleged that the infant plaintiff was injured by three unidentified youths who attacked him during the course of a pick-up game of basketball in a park owned and maintained by the defendant, Town of Hempstead. The infant plaintiff, by his mother, and his mother, suing derivatively, commenced this action alleging that the Town was negligent in failing to provide adequate security at the park.

The Town moved for summary judgment dismissing the complaint. It contended, among other things, that it was immune from liability because providing security in the park constituted a governmental function. The Supreme Court denied the motion.

Generally, when a municipal defendant "acts in a proprietary capacity as a landlord, it is subject to the same principles of tort law as is a private landlord" (*Miller v State of New York*, 62 NY2d 506, 511 [1984]; *see Matter of World Trade Ctr. Bombing Litig.*, 17 NY3d 428, 446 [2011]; *see also Vestal v County of Suffolk*, 7 AD3d 613, 614 [2004]). However, "[p]ublic entities remain immune from negligence claims arising out of the performance of their governmental functions, including police protection, unless the injured person establishes a special relationship with the entity, which would create a specific duty to protect that individual, and the individual relied on the performance of that duty" (*Miller v State of New York*, 62 NY2d at 510; *see Matter of World Trade Ctr. Bombing Litig.*, 17 NY3d at 446; *Cuffy v City of New York*, 69 NY2d 255, 260 [1987]; *see also Pope v State of New York*, 19 AD3d 573, 573-574 [2005]).

Since "the varied functions of a governmental entity can be interspersed with both governmental and proprietary elements, the determination of the primary capacity under which a governmental agency was acting turns solely on the acts or omissions claimed to have caused the injury" (*Matter of World Trade Ctr. Bombing Litig.*, 17 NY3d at 447; *see Miller v State of*

*New York*, 62 NY2d at 513). In other words, "[i]t is the specific act or omission out of which the injury is claimed to have arisen and the capacity in which that act or failure to act occurred which governs liability, not whether the agency involved is engaged generally in proprietary activity or is in control of the location in which the injury occurred" (*Weiner v Metropolitan Transp. Auth.*, 55 NY2d 175, 182 [1982]).

Here, the alleged deficiencies in the security measures taken by the defendant at the park, including the allotment of personnel to patrol the park, arose from the allocation of the defendant's security resources. Such deficiencies involving policymaking as to the nature of the risks presented at the park implicated the defendant's governmental function, not its proprietary role as owner of the premises (*see Bonner v City of New York*, 73 NY2d 930 [1989]; *Cuffy v City of New York*, 69 NY2d at 260; *Miller v State of New York*, 62 NY2d 506 [1984]; *Rashed v State of New York*, 232 AD2d 394, 394-395 [1996]; *Marilyn S. v City of New York*, 134 AD2d 583 [1987], *affd* 73 NY2d 910 [1989]). Under the circumstances of this case, by submitting evidence showing that there was no direct contact between the infant plaintiff and any Town employee prior to the alleged attack, the Town demonstrated that it owed no special duty to him, and thereby established its entitlement to judgment as a matter of law (*see Pelaez v Seide*, 2 NY3d 186, 202 [2004]; *Cuffy v City of New York*, 69 NY2d at 260-262; *Dickerson v City of New York*, 258 AD2d 433 [1999]). In opposition to the Town's motion for summary judgment dismissing the complaint, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Town's motion should have been granted.

In view of the foregoing, it is unnecessary to reach the plaintiffs' contention that the alleged attack was foreseeable (*see e.g. Pope v State of New York*, 19 AD3d at 574). Skelos, J.P., Hall, Austin and Miller, JJ., concur. [**Prior Case History: 29 Misc 3d 1235(A), 2010 NY Slip Op 52166(U).**]