In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Velasquez, J.), dated December 6, 2010, which denied their motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The plaintiff Rolanda Morgan-Word (hereinafter the injured plaintiff) allegedly was injured in January 2008 while attempting to break up a fight between two students at a school where she was an assistant principal. The defendants, New York City Department of Education and New York City Board of Education, moved for summary judgment dismissing the complaint. *1026 The Supreme Court denied the motion and the defendants appeal. We affirm.
A municipality “is immune from negligence claims arising out of the performance of its governmental functions unless the injured person establishes a special relationship with the municipality which would create a special duty of protection with respect to that individual” (Gotlin v City of New York, 90 AD3d 605, 607 [2011]). A special relationship may be formed when a municipality voluntarily assumes a special duty that generates justifiable reliance by the person who benefits from the duty (id.). To establish a special duty based on voluntary assumption, a plaintiff must show: “(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured, (2) knowledge on the part of the municipality’s agents that inaction could lead to harm, (3) some form of direct contact between the municipality’s agents and the injured party, and (4) the injured party’s justifiable reliance on the municipality’s affirmative undertaking” (Brown v City of New York, 73 AD3d 1113, 1114 [2010]; see Cuffy v City of New York, 69 NY2d 255, 260 [1987]; Bain v New York City Bd. of Educ., 268 AD2d 451 [2000]).
Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law, as they failed to eliminate triable issues of fact as to whether they assumed a special duty to the injured plaintiff. Since the defendants failed to eliminate triable issues of fact, the Supreme Court properly denied the defendants’ motion for summary judgment, regardless of the sufficiency of the plaintiffs’ opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Florio, J.P., Dickerson, Chambers and Cohen, JJ., concur.