■ Douglas Weisbecker, an Infant, by His Father and Natural Guardian, James F. Weisbecker, Jr., et al., Respondents, v West Islip Union Free School District, Appellant, et al., Defendant. [970 NYS2d 824]—

In a consolidated action to recover damages for personal injuries, etc., the defendant West Islip Union Free School District appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated May 4, 2012, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant West Islip Union Free School District for summary judgment dismissing the complaint insofar as asserted against it is granted.

On October 11, 2008, the infant plaintiff, a high school student, was attacked by another student on an athletic field owned by the defendant West Islip Union Free School District (hereinafter the District). The assault allegedly occurred at about 9:30 p.m., after a group of youths had congregated on the field without permission and had been drinking alcoholic beverages. The infant plaintiff's father commenced the instant action on behalf of himself and the infant plaintiff and alleged, inter alia, that the District was negligent in failing to provide adequate security at the field and in failing to lock the gates which provided access to the field.

The "provision of security against physical attacks by third parties . . . is a governmental function . . . and . . . no liability arises from the performance of such a function absent a special duty of protection" (*Bonner v City of New York*, 73 NY2d 930, 932 [1989]; *see Vitale v City of New York*, 60 NY2d 861 [1983]; *Jerideau v Huntington Union Free School Dist.*, 21 AD3d 992, 993 [2005]). This special duty arises when a municipality assumes an affirmative duty to act on behalf of a specific party, and that party justifiably relies on the direct assurances of the municipality's agents (*see Cuffy v City of New York*, 69 NY2d 255, 260 [1987]; *Jerideau v Huntington Union Free School Dist.*, 21 AD3d at 993).

The District made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating that it owed no special duty to the infant plaintiff and, in response, the plaintiffs failed to raise a triable issue of fact. The mere provision of security does not give rise to a special duty of protection (*see Jerideau v Huntington Union Free School Dist.*, 21 AD3d at 993; *Bain v New York City Bd. of Educ.*, 268 AD2d 451 [2000]; *Dickerson v City of New York*, 258 AD2d 433 [1999]). The District established that it did not make direct assurances regarding security to the infant plaintiff and that he did not

rely on the provision of security in deciding to congregate with others on the field.

Further, contrary to the plaintiffs' contention, the District demonstrated that the acts it performed in its proprietary capacity as a landlord were not the proximate cause of the infant plaintiff's injuries. A public entity may not escape liability for negligent acts which it performs in a proprietary capacity and which are a proximate cause of an injury which was sustained as the result of a foreseeable act by a third party (*see Marilyn S. v City of New York*, 134 AD2d 583 [1987], *affd* 73 NY2d 910 [1989]; *Nola v New York City Tr. Auth.*, 115 AD2d 461 [1985]; *Crosland v New York City Tr. Auth.*, 110 AD2d 148 [1985], *affd* 68 NY2d 165 [1986]). However, the District demonstrated, prima facie, that the failure to lock the gates accessing the field was not a proximate cause of the infant plaintiff's injuries, since the assault here was not a foreseeable act. In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the District's motion for summary judgment dismissing the complaint insofar as asserted against it.

In light of our determination, we need not reach the District's remaining contention. Balkin, J.P., Hall, Lott and Sgroi, JJ., concur.