■ SKIBOKY SHAVER STORA, Respondent, v CITY OF NEW YORK et al., Appellants, and FJC SECURITY SERVICES, INC., Respondent, et al., Defendant. [986 NYS2d 81]—

Order, Supreme Court, New York County (Lucy Billings, J.), entered on or about December 4, 2013, which, insofar as appealed from as limited by the briefs, granted defendant FJC Security Services, Inc.'s motion for summary judgment dismissing all claims and cross claims against it, and denied the City of New York, the New York City Department of Homeless Services (together, the City), and Volunteers of America-Greater New York, Inc.'s (VOA) motion for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to grant so much of the City and VOA's motion as sought to dismiss the complaint as against the City, and to deny so much of FJC's motion as sought to dismiss VOA's cross claim for contractual indemnification, and otherwise affirmed, without costs.

The provision of adequate security to prevent attacks by third parties at a homeless shelter is a governmental function, for the performance of which the governmental entity cannot be held liable unless it owes a special duty to the plaintiff (*Akinwande v City of New York*, 260 AD2d 586, 587 [2d Dept 1999], *lv dismissed in part, denied in part* 93 NY2d 1030 [1999]; *see also Marilyn S. v City of New York*, 134 AD2d 583, 585 [2d Dept 1987], *affd* 73 NY2d 910 [1989]). Since the record contains no evidence that the City owed a special duty to plaintiff, the City cannot be held liable for the injuries plaintiff sustained when defendant Serrano shot him on shelter premises.

However, an issue of fact whether VOA was negligent in its duty to provide minimum security in the shelter is presented by ample evidence that residents had previously smuggled deadly weapons onto shelter premises, inter alia, by jumping over the perimeter fence, and that the weakness of the perimeter fence had been reported to VOA (*see Maheshwari v City of New York*, 2 NY3d 288, 294 [2004]; *Osorio v City of New York*, 44 AD3d 553 [1st Dept 2007]; *Brewster v Prince Apts.*, 264 AD2d 611, 614-615 [1st Dept 1999], *lv denied* 94 NY2d 762 [2000]).

Pursuant to the terms of the indemnification clause in the contract between FJC and VOA, VOA may assert a contractual indemnification claim against FJC to the extent plaintiff's injuries are found to have been "a result of an act or omission of FJC, including its employees." Issues of fact whether FJC was at least partly responsible for the failure of perimeter security that led to plaintiff's being shot on shelter premises are presented by the evidence that FJC had the "primary"

responsibility for patrolling the perimeter fence, that an FJC security guard was aware of a fight, involving a knife, between plaintiff and Serrano earlier in the day of the shooting and that, in sight of the guards, Serrano left the premises by jumping over the fence, and that when he returned later with a gun he entered by jumping over the fence. Concur—Gonzalez, P.J., Friedman, Moskowitz, Freedman and Kapnick, JJ. 