■ RICHLINE GROUP, INC., Appellant, v CITY OF MOUNT VERNON et al., Respondents. [987 NYS2d 222]—

In an action to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered August 22, 2012, which granted the defendants' motion for summary judgment dismissing the complaint and denied its cross motion for summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. A municipal entity "is not liable for the negligent performance of a governmental function unless there existed 'a special duty to the injured person, in contrast to a general duty owed to the public' " (*Metz v State of New York*, 20 NY3d 175, 179 [2012], quoting *McLean v City of New York*, 12 NY3d 194, 199 [2009]; *see Flagstar Bank, FSB v State of New York*, 114 AD3d 138, 143 [2013]). The plaintiff must first establish the existence of a special duty owed to it by the entity before it becomes necessary to address whether the entity can rely upon the defense of governmental immunity (*see Metz v State of New York*, 20 NY3d at 179; *Valdez v City of New York*, 18 NY3d 69, 80 [2011]). A special duty arises when there is a duty to exercise reasonable care toward the plaintiff as a result of a special relationship between the plaintiff and the governmental entity (*see McLean v City of New York*, 12 NY3d at 199; *Pelaez v Seide*, 2 NY3d 186, 198-199 [2004]; *Flagstar Bank, FSB v State*, 114 AD3d at 143). When a municipality assumes an affirmative duty to act on behalf of a specific party, and that party justifiably relies to its detriment on the direct assurances of the municipality's agents, a special duty arises (*see Cuffy v City of New York*, 69 NY2d 255, 260 [1987]; *Weisbecker v West Islip Union Free Sch. Dist.*, 109 AD3d 657, 658-659 [2013]; *Jerideau v Huntington Union Free School Dist.*, 21 AD3d 992, 993 [2005]).

The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not owe a special duty to the plaintiff. In opposition, the plaintiff failed to raise a triable issue of fact (*see Weisbecker v West Islip Union Free Sch. Dist.*, 109 AD3d at 658; *Jerideau v Huntington Union Free School Dist.*, 21 AD3d at 993). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.

Additionally, as the plaintiff was unable to establish that the defendant owed it a special duty, the Supreme Court properly denied the plaintiff's cross motion for summary judgment (*see Flagstar Bank, FSB v State*, 114 AD3d at 148). Balkin, J.P., Chambers, Cohen and Duffy, JJ., concur.