In an action to recover damages for negligence, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated June 26, 2013, as granted those branches of the motion of the defendants City of New York, Department of Homeless Service, and Kingsboro Star House, and the separate motion of the defendant FJC Security Services, which were for summary judgment dismissing the complaint insofar as asserted against each of them, and denied that branch of his cross motion which was for summary judgment on the issue of liability against the defendants City of New York and Department of Homeless Service.
Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant FJC Security Services which was for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendant FJC Security Services, and one bill of costs to the defendants City of New York, Department of Homeless Service, and Kingsboro Star House, payable by the plaintiff.
Contrary to the plaintiff’s contention, the Supreme Court properly granted that branch of the motion of the defendants City of New York, Department of Homeless Service (hereinafter DHS), and Kingsboro Star House (hereinafter collectively the municipal defendants) which was for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff’s theory of recovery was premised upon the alleged failure of the municipal defendants to provide an adequate and proper security force to prevent attacks by third parties at the homeless shelter where the subject incident occurred. Such a claim, however, implicates a governmental function, liability for the performance of which is barred absent the breach of a special duty owed to the injured party (see Stora v City of New York, 117 AD3d 557, 558 [2014]; Salone v Town of Hempstead, 91 AD3d 746, 747 [2012]; Akinwande v City of New York, 260 AD2d 586, 586 [1999]). Here, the municipal defendants demonstrated, prima facie, that they owed no special duty of care to *965 the plaintiff, and the plaintiff failed to raise a triable issue of fact in opposition. Therefore, that branch of the municipal defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted against them was properly granted (see Salone v Town of Hempstead, 91 AD3d at 747; Diliberti v City of New York, 49 AD3d 424, 424 [2008]; Moore-Mohammed v City of New York, 101 AD3d 519, 520 [2012]; Jennifer R. v City of Syracuse, 43 AD3d 1326, 1327 [2007]). For the same reasons, the Supreme Court properly denied the plaintiff’s cross motion for summary judgment on the issue of liability against the City and DHS.
However, the Supreme Court erred in granting that branch of the motion of the defendant FJC Security Services, Inc. (hereinafter FJC), which was for summary judgment dismissing the complaint insofar as asserted against it. Contrary to its contention, FJC, a private, for-profit contractor of security services, is not entitled to governmental immunity (see Steinberg v New York City Tr. Auth., 88 AD3d 582 [2011]; Cassell v Babcock & Wilcox Co., 186 AD2d 1000, 1001 [1992]; Baumann v Long Is. Power Auth., 45 Misc 3d 257 [Sup Ct, Queens County 2014]; Heeran v Long Is. Power Auth., 2014 NY Slip Op 32205[U] [Sup Ct, NY County 2014]). In addition, the plaintiff is a third-party beneficiary of the contract between FJC and DHS. The provisions of the contract between FJC and DHS unequivocally express an intent to confer a direct benefit on the homeless clients in residence at the City shelter, such as the plaintiff, to protect them from physical injury. Thus, in order to prevail on its motion for summary judgment, FJC was required to demonstrate, prima facie, that there were no triable issues of fact as to whether it was negligent in the performance of its duties, or that the assault on the plaintiff was not a reasonably foreseeable consequence of any breach of its duties (see Stora v City of New York, 117 AD3d at 558; Del-Grande v County of Westchester, 293 AD2d 704, 705 [2002]; Flynn v Niagara Univ., 198 AD2d 262, 264 [1993]; see also Narayanan v City of New York, 21 AD3d 533, 536 [2005]; Kavanagh v Vigario, 309 AD2d 640 [2003]; Merice v County of Westchester, 305 AD2d 383 [2003]; Fontana v Falides Assoc., 202 AD2d 631 [1994]). FJC failed to demonstrate either.
Pursuant to its contract with DHS, FJC was required to provide security to the shelter and its residents. One of its responsibilities was to perform a security check at the entrance to the shelter before admitting any resident to prevent prohibited items, such as the flammable liquid that allegedly was used to set the plaintiff on fire, from being brought into *966 the shelter. In addition, FJC was required to provide a guard at specific locations in each shelter hallway, and residents were not allowed to go into any other resident’s room at night.
Notwithstanding these security provisions, according to the plaintiff, two men at the shelter, who had previously assaulted him, attacked him at around 1:25 a.m. by dousing him with a flammable liquid that ignited. The plaintiff alleged that the two men, who had been moved out of his room after the prior assault, were able to walk through the halls and enter his room at the shelter, uninterrupted. Accordingly, FJC failed to eliminate triable issues of fact as to whether it was negligent in the performance of its duties.
FJC also offered no evidence that this incident, which occurred at a mens’ homeless shelter that primarily served men who had substance abuse and criminal histories, was unexpected or unforeseen. Without providing facts and information about the incidence of criminal activity at the shelter, or lack thereof, FJC was unable to show, prima facie, that this criminal incident was not reasonably foreseeable (see Maria T. v New York Holding Co. Assoc., 52 AD3d 356 [2008]; Rivera v 1652 Popham Assoc., LLC, 31 AD3d 297, 298 [2006]; see also Narayanan v City of New York, 21 AD3d at 536). Accordingly, FJC failed to eliminate all triable issues of fact as to whether the attack on the plaintiff was a foreseeable event against which it could have afforded the plaintiff protection (see Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 519-520 [1980]; Stora v City of New York, 117 AD3d at 558; Flynn v Niagara Univ., 198 AD2d at 264; see also Narayanan v City of New York, 21 AD3d at 536; Kavanagh v Vigario, 309 AD2d 640 [2003]; Fontana v Falides Assoc., 202 AD2d 631 [1994]).
The plaintiff’s remaining contentions are without merit. Skelos, J.P., Chambers, Maltese and Duffy, JJ., concur.