Stora v City of New York (2019 NY Slip Op 01726)





Stora v City of New York


2019 NY Slip Op 01726


Decided on March 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2019

Gische, J.P., Webber, Kern, Singh, JJ.


8683 107715/06

[*1]Skiboky Shavar Stora, Plaintiff-Appellant,
v
City of New York, et al., Defendants-Respondents,
Marcus Serrano, Defendant. 
Volunteers of America-Greater New York, Inc., Third-Party Plaintiff-Respondent,
v
FJC Security Services, Inc., Third-Party Defendant-Respondent.


Skiboky Shavar Stora, appellant pro se.
Fumuso, Kelly, Swart, Farrell, Polin, & Christesen LLP, Hauppauge (Michelle C. Acosta of counsel), for City of New York, New York City Department of Homeless Services and Volunteers of America-Greater New York, Inc., respondents.
McGaw, Alventosa & Zajac, Jericho (Andrew Zajac of counsel), for FJC Security Services, Inc., respondent.



Order, Supreme Court, New York County (Lucy Billings, J.), entered on or about September 19, 2017, which, inter alia, denied plaintiff's motions for a default judgment, to introduce new evidence, and for summary judgment against various defendants, and his cross motion for summary judgment in the third-party action, and which granted third-party defendant FJC Security Services, Inc.'s motion for sanctions against plaintiff, unanimously affirmed, without costs.
Plaintiff's direct claims against all of the defendants were either dismissed by prior order of this Court (Stora v City of New York, 117 AD3d 557 [1st Dept 2014]), resolved in defendants' favor after a 2014 jury trial, pertain to a third-party action which is not at issue on this appeal, or are precluded by the statute of limitations.
The court appropriately denied plaintiff's motion to submit new evidence, because a trial was held on this matter resulting in a defense verdict, and plaintiff made no explanation how the new evidence would have changed that result (Woori Am. Bank v Winopa Intl. Ltd., 63 AD3d 490, 491 [1st Dept 2009]).
Finally, we agree with the court's imposition of $4000 in sanctions because a prior order notified plaintiff of the possibility of sanctions, he had a reasonable opportunity to be heard in opposition thereto, and his motions practice was frivolous, lacked legal support and was [*2]redundant to matters already decided on the merits (see 22 NYCRR 130-1.1).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 12, 2019
CLERK