■ MICHELE A. FLYNN, Respondent, v NIAGARA UNIVERSITY et al., Defendants, and AMERICAN PROTECTIVE SERVICES, INC., et al., Appellants. [603 NYS2d 874] —In a negligence action to recover damages for personal injuries, the defendants American Protective Services, Inc., and Burke Security, Inc., appeal, from an order of the Supreme Court, Orange County (Hickman, J.), dated April 12, 1991, which denied a renewed motion to transfer the place of the trial to Niagara County, and (2) an order of the same court dated October 31, 1991, which denied the appellants' motion for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the orders are affirmed, with one bill of costs.

The plaintiff, a student at Niagara University, was injured by another student during an "annual" snowball fight which customarily occurred during the first snowfall each year. She was standing outside her dormitory, having been evacuated from the building after a false fire alarm, when another student knocked her down. The plaintiff brought suit to recover damages for personal injuries, alleging, *inter alia,* that the defendants American Protective Services, Inc., and Burke Security, Inc., which provided security guards for the university, breached their duty to protect her from injury.

The appellants sought to change the venue of the action from Orange County to Niagara County, pursuant to CPLR 510 (3), on the basis of convenience to witnesses. The Supreme Court denied this motion on the ground that the witnesses inconvenienced were not nonparty witnesses, but parties and/or employees, whose convenience was irrelevant in determining proper venue. Furthermore, the plaintiff had specified nonparty witnesses who would be inconvenienced by a trial in Niagara County. After all the defendants had completed depositions of both party and nonparty witnesses, the motion was renewed, based upon information previously omitted. The Supreme Court denied the renewed motion. We affirm.

As noted by the Supreme Court, the earlier motion had been determined on the merits, the facts presented on the second motion were, for the most part, available earlier, and the appellants failed to provide an adequate excuse for their failure to offer the evidence on the first motion *(see, Matter of Barnes v State of New York,* 159 AD2d 753; *see also, Sciss v Metal Polishers Union Local 8A,* 149 AD2d 318; *McRory v Craft Architectural Metals Corp.,* 112 AD2d 358; *Foley v Roche,* 68 AD2d 558). In any case, upon exercising our discretion to treat the second motion as one for renewal, and upon review of those new facts *(see, Patterson v Town of Hempstead,* 104 AD2d 975, 976), we conclude that the new facts clearly did not justify a different result.

On the eve of trial, the appellants moved for summary judgment, contending that since their service contract was with Niagara University, the plaintiff was at best an incidental beneficiary to whom no duty was owed. Further, the appellants contended that the plaintiff's amended complaint characterized the negligence of its employees as a failure to act, and by law the appellants could not be held liable for nonfeasance of contractual duties. The Supreme Court denied the motion on the ground that the evidence clearly indicated that the employees had taken affirmative action to try to halt

the snowball fight, and therefore had assumed a duty. The court held that the issue of breach was a question of fact to be determined by the trier of fact. We agree.

The motion for summary judgment was properly denied, since the evidence which the appellants themselves presented created a triable issue of fact. There is no merit to their contention that they had no obligation to the plaintiff under the security services contract between them and Niagara University, because there was no language in the contract which indicated an intention to confer a direct benefit upon the plaintiff (see, Bizien v Port Auth., 577 F Supp 1093, 1102; see also, Buckley v I.B.I. Sec. Serv., 157 AD2d 645). The contract does not specify the duties of the security guards, nor is there any language which would limit the duties of the guards to protection of property and not students (see, Bernal v Pinkerton's, Inc., 52 AD2d 760, affd 41 NY2d 938). Indeed, there is language in the addendum to the contract which indicates that the guards' training included "First Aid" and "CPR", all of which suggests that the guards were hired to benefit, at least in part, the students on campus. Further, the rule is well established that a defendant can be held liable in tort to an incidental beneficiary for the negligent performance of contractual duties if the defendant's conduct amounts to misfeasance as opposed to nonfeasance (see, Eaves Brooks Costume Co. v Y.B.H. Realty Corp., 76 NY2d 220, 225). Since the testimony of the appellants' own employees at their examinations before trial established that the guards took affirmative actions to halt the snowball fight which eventually led to the plaintiff's injury, it is clear that the appellants' employees assumed a legal duty to act. The question of whether they breached that duty must be resolved by the trier of fact. Lawrence, J. P., Eiber, O'Brien and Santucci, JJ., concur.