■ CRAIG EDWARDS et al., Appellants, v CITY OF MOUNT VERNON et al., Respondents. [646 NYS2d 556] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from two orders of the Supreme Court, Westchester County (Shapiro, J.), dated July 27, 1995, which granted the defendants' separate motions for summary judgment dismissing the complaint as against each defendant.

Ordered that the orders are affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The minor plaintiff and his mother commenced this negligence action against the defendants arising from an incident wherein the minor plaintiff was shot, while on the grounds of his high school, by an unknown assailant who was not necessarily a student there. The Supreme Court granted summary judgment to both defendants, finding that there was no special relationship between either the City of Mount Vernon or the school and the injured plaintiff to provide police protection. The Supreme Court also found that even if, as the plaintiffs allege, the school failed to provide adequate supervision, the incident was not foreseeable.

We affirm. It is well settled that a school's provision of security against physical attacks by third parties—who are not students of the school who foreseeably pose a threat to other students—"is a governmental function involving policymaking regarding the nature of the risks presented, and that no liability arises from the performance of such a function absent a special duty of protection" (*Bonner v City of New York,* 73 NY2d 930, 932; *cf., Mirand v City of New York,* 84 NY2d 44).

Moreover, we decline the plaintiffs' invitation to abandon the well-settled principle of law requiring a special relationship between a municipality and a citizen thereof to create liability for the failure to provide police protection to the citizen (*see, Cuffy v City of New York,* 69 NY2d 255). Neither the facts of this case, nor the general legal arguments advanced, require a departure from the rule of *stare decisis* in this instance

(*compare, Baratta v Kozlowski,* 94 AD2d 454, 459-460, *with Caceci v Di Canio Constr. Corp.,* 72 NY2d 52; *People v Bing,* 76 NY2d 331; *and Bing v Thunig,* 2 NY2d 656, 667). Thompson, J. P., Copertino, Krausman and Florio, JJ., concur.