◼ DIANA SHERWOOD, Respondent, v MILARD K. ROPER, Appellant. [655 NYS2d 378] —In a matrimonial action, the defendant husband appeals, as limited by his brief, from so much of

an order of the Supreme Court, Nassau County (O'Connell, J.), entered January 4, 1996, as denied the branch of his cross motion which was to compel the plaintiff wife to answer certain interrogatories concerning her current law practice, and from an order of the same court, dated April 1, 1996, which, over his objection, certified the case ready for trial.

Ordered that the appeal from the order dated April 1, 1996, is dismissed, and it is further,

Ordered that the order entered January 4, 1996, is affirmed, with costs.

The order dated April 1, 1996, did not decide a motion made upon notice, and no appeal as of right lies therefrom (*see, Matter of Hartman v Smith*, 207 AD2d 345, 346; *Barry/ Dave/ Glenn, Inc. v Salkowitz*, 181 AD2d 754; CPLR 5701 [a]). No application has been made for permission to appeal, nor are we inclined to grant leave to appeal under the circumstances of this case (CPLR 5701 [c]; *see, Roberts v Modica*, 102 AD2d 886).

With regard to the appeal from the order entered January 4, 1996, it is the husband's contention that the court improperly limited discovery concerning the wife's interest in her present law firm, on the ground that such information is essential to the valuation of the wife's New York license to practice law. We disagree. The wife's license is a separate asset from her legal practice, and the valuation date for a marital asset is a determination which lies squarely within the trial court's discretion (*see, McSparron v McSparron*, 87 NY2d 275, 287-288). Given that the wife's firm was not formed until after the commencement of the instant action and that there is a clear history of her practice prior to that time, the value of her New York license as of the commencement of the action can be determined without resort to the burdensome discovery demanded by the husband (*see generally, McSparron v McSparron, supra*, at 287; *Finocchio v Finocchio*, 162 AD2d 1044, 1045-1046).

The husband's remaining contentions are without merit. Thompson, J. P., Pizzuto, Joy and Luciano, JJ., concur.