■ Harold Bretstein et al., Appellants, v East Midwood Jewish Center, Inc., Respondent. [697 NYS2d 88] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Rappaport, J.), entered June 19, 1998, which, upon the granting of the defendant's motion for summary judgment dismissing the complaint, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

This action arises out of a sexual assault that took place in a school operated by the defendant. The plaintiffs asserted causes of action based on a breach of premises security and negligent supervision. A motion for summary judgment made by the defendant was granted and the complaint was dismissed. We affirm.

The court properly found that after the defendant made out a prima facie case for summary judgment, the plaintiffs failed to establish a triable issue of fact regarding whether the defendant's conduct proximately caused the injured plaintiff's injuries (*see, Burgos v Aqueduct Realty Corp.,* 92 NY2d 544). The evidence presented by the plaintiffs failed to establish that the defendant was on notice that an attack of this nature was foreseeable (*see, Jacqueline S. v City of New York,* 81 NY2d 288, 295). In addition, the act committed by the assailant was intervening and broke the causal nexus between any alleged negligence of the defendant and the injuries sustained (*see, Gattyan v Scarsdale Union Free School Dist. No. 1,* 152 AD2d 650). Joy, J. P., Friedmann, Schmidt and Smith, JJ., concur.