■ Joshua Nossoughi, Respondent, v Ramapo Central School District, Appellant, et al., Defendants. [731 NYS2d 78] —In an action to recover damages for personal injuries etc., the defendant Ramapo Central School District appeals from an order of the Supreme Court, Rockland County (Meehan, J.), dated April 5, 2000, which denied its motion for a protective order and for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the appellant is granted, the balance of the motion is denied as academic, and the action against the remaining defendants is severed.

The plaintiff was assaulted in the entrance hallway of his high school. The assailant was a former student trespassing in the building some two hours after regular school hours. The plaintiff asserted causes of action against the Ramapo Central School District (hereinafter the District) based on breach of premises security and negligent supervision. The School District's motion, *inter alia,* for summary judgment dismissing the complaint insofar as asserted against it was denied. The Supreme Court found that while there was no special relationship between the District and the plaintiff which would give rise to a special duty of protection, questions of fact exist regarding the cause of action sounding in negligent supervision. We disagree.

To find that a school district has breached its duty to provide adequate supervision, a plaintiff must show that the district had sufficiently specific knowledge or notice of the dangerous conduct and that the alleged breach was a proximate cause of the injuries sustained (*see, Jacqueline S. v City of New York,* 81 NY2d 288). Here, the District established its prima facie entitlement to judgment as a matter of law by demonstrating that an attack of this nature was not foreseeable (*see, Dickerson v City of New York,* 258 AD2d 433). Contrary to the plaintiff's contentions, it does not appear that the District had knowledge of any prior, similar incidents (*see, Bretstein v East Midwood Jewish Ctr.,* 265 AD2d 442). Although the plaintiff

submitted evidence of previous trespassing incidents by former students after school hours, none involved physical violence against students resulting in personal injuries. Nor can the circumstances at bar be equated with those at the general school dismissal, a time when supervision is necessary due to the congregation of large numbers of students and the increased likelihood of fights (*see, Mirand v City of New York,* 84 NY2d 44, 50-51).

Moreover, the plaintiff failed to raise a triable issue of fact as to whether the defendant's conduct was a proximate cause of his injuries. The criminal attack by the assailant was an intervening and unforeseeable act which broke any causal nexus between the alleged negligence of the District and the injuries sustained by the plaintiff (*see, Bretstein v East Midwood Jewish Ctr., supra*). The plaintiff testified that the assault occurred spontaneously, with the entire incident taking less than one minute. Since the manner in which the injury occurred could have happened even if the hallway had been supervised, summary judgment should have been granted to the defendant (*see, Foster v New Berlin Cent. School Dist.,* 246 AD2d 880, 881).

Inasmuch as the plaintiff failed to raise a triable issue of fact in opposition to the defendant's prima facie showing of entitlement to judgment, the Supreme Court erred in denying the defendant summary judgment dismissing the complaint. O'Brien, J. P., Santucci, Luciano and Schmidt, JJ., concur.