■ JUAN JIMENEZ et al., Appellants, v CITY OF NEW YORK et al., Respondents. [738 NYS2d 380] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Bruno, J.), dated August 21, 2000, which granted the defendants' cross motion for summary judgment dismissing the complaint and denied, as academic, their motion to restore the action pursuant to CPLR 3404.

Ordered that the order is affirmed, with costs.

The infant plaintiff was injured when he was shot by an unknown assailant while leaving a dance at his high school cafeteria which ended abruptly after a fight had erupted. During

the course of discovery, the matter was marked "disposed" by the Supreme Court due to the plaintiffs' failure to appear at a status conference. The plaintiffs later moved to restore the action, and the defendants cross-moved for summary judgment dismissing the complaint. The Supreme Court granted the defendants' cross motion for summary judgment, and denied, as academic, the plaintiffs' motion to restore the action.

"It is [well] settled * * * that [a school's] provision of security against physical attacks by third parties [who are not students of the school who foreseeably pose a threat to other students] is a governmental function involving policymaking regarding the nature of the risks presented, and that no liability arises from the performance of such a function absent a special duty of protection" (*Bonner v City of New York*, 73 NY2d 930, 932; *see also, Edwards v City of Mount Vernon*, 230 AD2d 821).

The plaintiffs failed to demonstrate or allege that the defendants made an affirmative promise of protection to the infant plaintiff which gave rise to any special duty. Therefore, the Supreme Court correctly granted the defendants' cross motion for summary judgment dismissing the complaint (*see, Dickerson v City of New York*, 258 AD2d 433; *Edwards v City of Mount Vernon, supra*).

Contrary to the plaintiffs' contention, they did not set forth a claim of inadequate supervision since it was not reasonably foreseeable that a shooting would occur (*see, Brown v Board of Educ. of Glen Cove Pub. Schools*, 267 AD2d 267; *Kennedy v Seaford Union Free School Dist. No. 6*, 250 AD2d 574).

The plaintiffs' remaining contention is without merit. Santucci, J.P., Altman, Florio, H. Miller and Cozier, JJ., concur.