■ ANGELO DELGRANDE, Respondent, v COUNTY OF WESTCHESTER et al., Defendants, and BURNS INTERNATIONAL SECURITY SERVICES, Appellant. [741 NYS2d 124] —In an action to recover damages for personal injuries, the defendant Burns International Security Services appeals from an order of the Supreme Court, Westchester County (Murphy, J.), entered January 18, 2001, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

This case arises out of injuries the plaintiff sustained when he jumped from the top of a parking structure at Westchester County Medical Center (hereinafter WCMC). Prior to jumping, the plaintiff underwent surgery to repair injuries received when he shot himself in the face. After awakening from the anesthesia, the plaintiff claimed that his parents were plotting to kill him. Subsequently, he ripped out his IV, Foley catheter, and trachea collar tubing, pulled off his hospital gown, jumped out of bed, and ran naked from the recovery room. As he was running out of the hospital building to the parking structure, he spotted a security guard chasing him. At the time, security services at WCMC were provided by the defendant Burns International Security Services (hereinafter Burns).

The plaintiff, as a patient of WCMC, was a potential intended third-party beneficiary of the security contract between Burns and the County of Westchester (*see Flynn v Niagara Univ.,* 198 AD2d 262, 264; *cf. Buckley v I.B.I. Sec. Serv.,* 157 AD2d 645). Accordingly, to recover, the plaintiff would have to show that Burns had "assumed a duty to exercise reasonable care to prevent foreseeable harm to [him]" (*Eaves Brooks Costume Co. v Y.B.H. Realty Corp.,* 76 NY2d 220, 226; *see Flynn v Niagara Univ., supra* at 264; *World Trade Knitting Mills v Lido Knitting Mills,* 154 AD2d 99, 106). However, assuming that the pursuit by the security guard and the "redstone alert" that was being broadcast may give rise to a triable issue as to whether Burns had notice that the plaintiff was in need of restraint, fatal to the plaintiff's claim is his failure to show this pursuit is in any way an act of negligence.

Accordingly, the Supreme Court should have granted Burns's motion for summary judgment dismissing the complaint insofar as asserted against it. Santucci, J.P., Altman, Townes and Crane, JJ., concur.