■ JOHN NOCILLA et al., Respondents, v MIDDLE COUNTRY CENTRAL SCHOOL DISTRICT, Appellant, et al., Defendant. [757 NYS2d 300] —In an action to recover damages for personal injuries, etc., the defendant Middle Country Central School District appeals from an order of the Supreme Court, Suffolk County (Henry, J.), dated July 30, 2002, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

In 1998 the infant plaintiff was a student at Newfield High School (hereinafter Newfield), a school within the Middle Country Central School District (hereinafter the District). On January 20, 1998, the infant plaintiff was in a hallway within Newfield when he was suddenly and unexpectedly punched in the mouth by Steven Dennis, a former student of Newfield, who had been transferred to a "BOCES" learning center as a result of his poor behavior.

The plaintiffs commenced this action against Dennis and the District. With respect to the latter, the plaintiff alleged, inter alia, that it was liable for his injuries based upon a theory of negligent supervision. The Supreme Court denied the District's motion for summary judgment dismissing the complaint, finding that there was an issue of fact as to whether the District was aware of Dennis's alleged "habitual presence" on school property prior to the attack. We reverse.

To find that a school district has breached its duty to provide adequate supervision, a plaintiff must show that the district had sufficiently specific knowledge or notice of the dangerous conduct and that the alleged breach was a proximate cause of the injuries sustained (*see Mirand v City of New York,* 84 NY2d 44 [1994]; *Jacqueline S. v City of New York,* 81 NY2d 288 [1993]). In this case, the District established its prima facie entitlement to judgment as a matter of law by demonstrating that the attack upon the infant plaintiff was unforeseeable (*see Nossoughi v Ramapo Cent. School Dist.,* 287 AD2d 444 [2001]; *Dickerson v City of New York,* 258 AD2d 433 [1999]). Contrary to the conclusion of the Supreme Court, the plaintiffs failed to raise a material issue of fact in this regard by the hearsay allegation that Dennis was always hanging around the school

without permission (*see generally Arnold v New York City Hous. Auth.,* 296 AD2d 355 [2002]).

Moreover, the plaintiffs failed to raise a triable issue of fact as to whether the District's conduct was a proximate cause of his injuries. Given the sudden, unprovoked nature of the attack, as well as its extremely short duration, the plaintiff's injury would have occurred regardless of the District's level of supervision in the hallway area (*see Nossoughi v Ramapo Cent. School Dist., supra; see also Bretstein v East Midwood Jewish Ctr.,* 265 AD2d 442 [1999]). Accordingly, summary judgment should have been granted to the District (*see Foster v New Berlin Cent. School Dist.,* 246 AD2d 880 [1998]). Santucci, J.P., Luciano, Schmidt and Adams, JJ., concur.