■ JANE DOE et al., Respondents, v TOWN OF HEMPSTEAD BOARD OF EDUCATION et al., Appellants, et al., Defendant. [795 NYS2d 322]—

In an action to recover damages for personal injuries, etc., the

defendants Town of Hempstead Board of Education, Hempstead Public Schools, and Hempstead High School appeal and the defendant Ultimate Security separately appeals, as limited by their respective briefs, from so much of an order of the Supreme Court, Nassau County (Covello, J.), dated April 23, 2004, as denied their separate motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, the motions are granted, and the complaint is dismissed insofar as asserted against the appellants.

The plaintiff Jane Doe, a student at the defendant Hempstead High School, allegedly was raped by a nonstudent in a school bathroom. The plaintiffs assert, among other things, that the security provided by the defendants Town of Hempstead Board of Education, Hempstead Public Schools, and Hempstead High School (hereinafter collectively the school defendants) was inadequate due to the absence of security guards in the vicinity of the alleged attack and near the exterior doors of the school building, which students frequently opened to allow other students to enter from the outside. Contrary to the plaintiffs' contention, the alleged security deficiencies arose from the allocation of the school defendants' security resources, which was an aspect of the school defendants' governmental function, not their proprietary role as owners of the premises (*see Bonner v City of New York*, 73 NY2d 930 [1989]; *Cuffy v City of New York*, 69 NY2d 255, 260 [1987]; *Miller v State of New York*, 62 NY2d 506 [1984]; *Marilyn S. v City of New York*, 134 AD2d 583 [1987], *affd* 73 NY2d 910 [1989]). A public entity cannot be held liable for the negligent performance of a governmental function unless it has formed a special relationship with the injured person, thus creating a specific duty to protect that person, and the person relied on the performance of that duty (*see Cuffy v City of New York, supra; Miller v State of New York, supra* at 510). By submitting evidence showing that there was no direct contact between Jane Doe and any school defendants' official prior to the alleged attack, the school defendants demonstrated that they owed no special duty to Jane Doe, and thereby established their entitlement to judgment as a matter of law with respect to the inadequate security cause of action (*see Pelaez v Seide*, 2 NY3d 186, 202 [2004]; *Cuffy v City of New York, supra* at 260, 261-262; *Dickerson v City of New York*, 258 AD2d 433 [1999]).

Moreover, the school defendants did not have knowledge or notice of any prior sexual assaults at the school. Although they were aware of past incidents of trespassing, mainly by students,

and fights between students were fairly common, the school defendants had no prior experience with, and therefore no reason to anticipate, intruders entering the school for the purpose of committing violent crimes against students (*see Nossoughi v Ramapo Cent. School Dist.*, 287 AD2d 444 [2001]; *cf. Mirand v City of New York*, 84 NY2d 44 [1994]). Thus, the school defendants demonstrated that they were not "on notice of an imminent foreseeable danger" to Jane Doe (*Mirand v City of New York, supra* at 50), and thereby established their entitlement to judgment as a matter of law with respect to the negligent supervision cause of action (*see Nocilla v Middle Country Cent. School Dist.*, 302 AD2d 573 [2003]; *Velez v Freeport Union Free School Dist.*, 292 AD2d 595 [2002]; *Nossoughi v Ramapo Cent. School Dist., supra; Convey v City of Rye School Dist.*, 271 AD2d 154, 159-160 [2000]).

Contrary to the plaintiffs' contention, there is no evidence in the record to support a finding that the defendant Ultimate Security (hereinafter Ultimate) assumed a duty of care toward Jane Doe by " 'launch[ing] a force or instrument of harm' " (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 139 [2002], quoting *Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]; *see Church v Callanan Indus.*, 99 NY2d 104 [2002]). Ultimate established its entitlement to judgment as a matter of law by demonstrating that the school defendants had exclusive supervision and control over all security guards at the school, including those it provided, and that no agent of Ultimate was involved in any act or omission alleged to be causally related to the attack on Jane Doe. Thus, even if Jane Doe was a third-party beneficiary of Ultimate's contract with the school (*see Flynn v Niagara Univ.*, 198 AD2d 262 [1993]; *Bernal v Pinkerton's, Inc.*, 52 AD2d 760 [1976], *affd* 41 NY2d 938 [1977]), there is no evidence demonstrating that Ultimate failed to perform as required by the contract or otherwise violated any duty it owed to Jane Doe (*cf. DelGrande v County of Westchester*, 293 AD2d 704 [2002]).

In opposition to the motions for summary judgment, the plaintiffs failed to raise a triable issue of fact. Accordingly, the motions should have been granted. Prudenti, P.J., Schmidt, Luciano and Lifson, JJ., concur.