VIOLA MORNING, Respondent, v RIVERHEAD CENTRAL SCHOOL DISTRICT et al., Appellants, et al., Defendants. [811 NYS2d 747]—

In an action, inter alia, to recover damages for wrongful death, the defendants Riverhead Central School District, sued herein as Central Riverhead School District and Eastern Suffolk BOCES, sued herein as Board of Cooperative Education Ser-

vices of Suffolk County, separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated November 24, 2004, as denied those branches of their separate motions which were for summary judgment dismissing the cause of action alleging negligent supervision and all cross claims insofar as asserted against each of them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motions which were for summary judgment dismissing the cause of action alleging negligent supervision and all cross claims insofar as asserted against the appellants are granted, the cause of action alleging negligent supervision and all cross claims insofar as asserted against the appellants are dismissed, and the action against the remaining defendants is severed.

Summary judgment should have been granted to the defendants Riverhead Central School District, sued herein as Central Riverhead School District (hereinafter the District) and Eastern Suffolk BOCES, sued herein as Board of Cooperative Education Services of Suffolk County (hereinafter BOCES) dismissing the cause of action alleging negligent supervision of the plaintiff's decedent. A school's duty to its students is co-extensive with the school's physical custody and control over them (*see Pratt v Robinson*, 39 NY2d 554, 560 [1976]). In response to BOCES's showing of its prima facie entitlement to judgment as a matter of law, the plaintiff presented no evidence that the decedent was in the custody and control of BOCES at the time of her disappearance or death (*see Ramo v Serrano*, 301 AD2d 640 [2003]; *Bertrand v Board of Educ. of City of N.Y.*, 272 AD2d 355 [2000]; *Tarnaras v Farmingdale School Dist.*, 264 AD2d 391 [1999]; *Reed v Pawling Cent. School Dist.*, 245 AD2d 281 [1997]). BOCES therefore had no duty to supervise the decedent and summary judgment dismissing that cause of action insofar as asserted against BOCES, should have been granted (*see Rowe v Board of Educ. of City of N.Y.*, 12 AD3d 494 [2004]; *Winter v Board of Educ. of City of N.Y.*, 270 AD2d 343 [2000]).

The plaintiff also failed to raise a triable issue of fact in response to the District's prima facie showing of its entitlement to judgment as a matter of law. In order to impose liability for negligent supervision, a school must have sufficiently specific knowledge or notice of a particular danger at a particular time (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Lawes v Board of Educ. of City of N.Y.*, 16 NY2d 302, 305-306 [1965]; *Nocilla v Middle Country Cent. School Dist.*, 302 AD2d 573 [2003]; *Gattyan v Scarsdale Union Free School Dist. No. 1*, 152

AD2d 650 [1989]), so that the injurious act could reasonably have been anticipated (*see Moody v New York City Bd. of Educ.*, 8 AD3d 639 [2004]; *Chambers v Roosevelt Union Free School Dist.*, 260 AD2d 594 [1999]). The District had no knowledge or notice that the assailant might harm the decedent, or that any criminal activity against a student had previously occurred in the area where she was last seen alive (*see Nossoughi v Ramapo Cent. School Dist.*, 287 AD2d 444 [2001]; *Marshall v Cortland Enlarged City School Dist.*, 265 AD2d 782 [1999]). Absent evidence that the incident should reasonably have been anticipated, the District did not breach any purported duty to supervise the decedent and summary judgment should have been granted dismissing that cause of action insofar as asserted against the District (*see Jimenez v City of New York*, 292 AD2d 346 [2002]; *Danna v Sewanhaka Cent. High School Dist.*, 242 AD2d 361 [1997]; *McGregor v City of New York*, 197 AD2d 609 [1993]).

In light of our determination, the parties' remaining contentions need not be reached. Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.