OSWALDO CHALEN et al., Respondents, v GLEN COVE SCHOOL DISTRICT et al., Appellants, et al., Defendant. [814 NYS2d 254]—

In an action to recover damages, inter alia, for wrongful death, the defendants Glen Cove School District, Mary Ellen Freely, and Carl LaPointe appeal from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), dated December 20, 2004, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

The appellants established their prima facie entitlement to judgment as a matter of law by providing evidence that they did not breach their duty to act as a reasonably prudent parent. The decedent, a 13-year-old student, was present at her middle school in the morning and was seen at lunch, but subsequently failed to attend her afternoon classes. The evidence further established that the decedent had cleaned out her locker and left the building without being signed out. The next day she

was found in a car in a secluded parking area with a man named Julio Espino, who lived with the decedent and her family. They had both ingested poison and died.

The Supreme Court should have granted the appellants' motion for summary judgment dismissing the cause of action alleging negligent supervision of the plaintiffs' decedent. Although schools are under a duty to adequately supervise the students in their charge and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision, they are not insurers of the safety of their students "for they cannot reasonably be expected to continuously supervise and control all movements and activities of students" (*see Mirand v City of New York,* 84 NY2d 44, 49 [1994]). A school's duty to its students is co-extensive with the school's physical custody and control over them (*see Pratt v Robinson,* 39 NY2d 554, 560 [1976]), and when a student is injured off school premises the school district cannot be held liable for the breach of a duty that generally extends only to the boundaries of the school property (*see Bertrand v Board of Educ. of City of N.Y.,* 272 AD2d 355 [2000]; *Tarnaras v Farmingdale School Dist.,* 264 AD2d 391 [1999]). Where a student removes herself from the school grounds she may no longer look to the school to protect her (*see Youngs v Bay Shore Union Free School Dist.,* 258 AD2d 580 [1999]; *Wenger v Goodell,* 220 AD2d 937 [1995]; *Palella v Ulmer,* 136 Misc 2d 34 [1987]). In response to the appellants' prima facie showing of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact as to whether at the time of her death the decedent was still within the custody of the school district (*see Morning v Riverhead Cent. School Dist.,* 27 AD3d 435 [2006]).

Nevertheless, the plaintiffs allege that the appellants were negligent in allowing Espino to enter the school and remove the decedent in violation of its safety and security procedures. Contrary to this contention, the record demonstrates that the decedent intended to meet Espino since she cleaned out her locker before leaving the building without signing out. Although a school district breaches a duty of care when it "releases a child without further supervision into a foreseeably hazardous setting it had a hand in creating" (*Ernest v Red Cr. Cent. School Dist.,* 93 NY2d 664, 672 [1999]; *see Bell v Board of Educ. of City of N.Y.,* 90 NY2d 944, 946 [1997]), to impose liability on the school, it must have sufficiently specific knowledge of the particular danger (*see Mirand v City of New York, supra* at 49; *Nocilla v Middle Country Cent. School Dist.,* 302 AD2d 573 [2003]) such that the criminal act could have been reasonably

anticipated (*see Nossoughi v Ramapo Cent. School Dist.*, 287 AD2d 444 [2001]; *Bretstein v East Midwood Jewish Ctr.*, 265 AD2d 442 [1999]). Here, the appellants had no knowledge that Espino posed a danger to the decedent, nor could it reasonably foresee that she would leave the school building and ingest poison while in his company. "Absent evidence that the incident should reasonably have been anticipated," the appellants did not breach a duty to supervise the decedent (*Morning v Riverhead Cent. School Dist., supra* at 437; *see Jimenez v City of New York*, 292 AD2d 346 [2002]; *Marshall v Cortland Enlarged City School Dist.*, 265 AD2d 782 [1999]).

The appellants also were entitled to summary judgment dismissing the cause of action based on inadequate security since the plaintiffs failed to demonstrate that the appellants assumed a special duty to protect the decedent. It is well settled that a school's provision of security against physical attacks by third parties is a governmental function involving policymaking regarding the nature of the risk presented and no liability arises from the performance of such a function absent a special duty of protection (*Bonner v City of New York*, 73 NY2d 930, 932 [1989]; *see Bain v New York City Bd. of Educ.*, 268 AD2d 451 [2000]). Here the appellants demonstrated that there was no direct contact between the decedent or her family and any school official prior to this tragic incident, and that no affirmative promise of protection had been made (*see Doe v Town of Hempstead Bd. of Educ.*, 18 AD3d 600 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact as to the existence of a special duty. Schmidt, J.P., Krausman, Luciano and Mastro, JJ., concur.