■ MAX FILIBERTO et al., Respondents, v CITY OF NEW ROCHELLE, Defendant, and NEW ROCHELLE BOARD OF EDUCATION, Appellant. [826 NYS2d 711]—

In an action to recover damages for personal injuries, etc., the defendant New Rochelle Board of Education appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (LaCava, J.), entered December 13, 2005, as denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant New Rochelle Board of Education is granted.

The plaintiff Max Filiberto (hereinafter the plaintiff), a student at New Rochelle High School, allegedly sustained injuries when he was assaulted by a fellow student while eating lunch in the school cafeteria. The plaintiff and his mother commenced this action to recover damages against the City of New Rochelle and the New Rochelle Board of Education (hereinafter the Board), alleging, inter alia, negligent supervision.

The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion with respect to the City, but denied that branch of the motion pertaining to the Board. The Board appeals. We reverse.

The Board made a prima facie showing of its entitlement to summary judgment by demonstrating that it did not have sufficiently specific knowledge or notice of the dangerous conduct which caused the injury, such that the acts of the fellow student reasonably could have been anticipated (*see Mirand v City of New York,* 84 NY2d 44, 49 [1994]; *Busby v Ticonderoga Cent. School Dist.,* 258 AD2d 762, 764 [1999]). The Board demonstrated that the plaintiff's alleged injuries were the result of a sudden, unforeseeable, and spontaneous attack that could not have been prevented by more intense supervision (*see Nossoughi*

*v Ramapo Cent. School Dist.*, 287 AD2d 444, 445 [2001]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Nossoughi v Ramapo Cent. School Dist., supra*). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the Board. Prudenti, P.J., Krausman, Mastro and Rivera, JJ., concur.