■ JODY RAVNER, Appellant, v FRANK AUTUN et al., Defendants, and JERICHO UNION FREE SCHOOL DISTRICT et al., Respondents. [876 NYS2d 453]—

In an action to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Nassau County (Wolff-Lally, J.), dated February 27, 2008, which granted the motion of the defendant Jericho Union Free School District and the separate motion of the defendant Choice Security Co., Inc., doing business as Choice Security Service, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

In a tragic accident in a student parking lot of the Jericho High School, the plaintiff's 17-year-old son was killed when he was run over by a vehicle driven by a fellow student. As administrator of the decedent's estate, and in her own right, the plaintiff brought this action against the driver and the owner of the vehicle, as well as the Jericho Union Free School District (hereinafter the school district) and the security company it employed. As against the school district and the security company, the plaintiff alleged negligent supervision of the student parking lot where the accident occurred. The Supreme Court granted the separate motions of the school district and the security company for summary judgment dismissing the complaint insofar as asserted against them, and we now affirm that order.

The school district established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not have sufficiently specific knowledge or notice of a particular danger at a particular time, so as to have reasonably anticipated the accident (*see Mirand v City of New York,* 84 NY2d 44 [1994]; *Morning v Riverhead Cent. School Dist.,* 27 AD3d 435 [2006]). Since the plaintiff failed to raise any issue of fact in opposition to that showing, the school district's motion for summary judgment was properly granted.

Assuming that the plaintiff's decedent was a third-party beneficiary of the security company's contract with the school district, in the absence of evidence that the security company failed to perform pursuant to the contract or otherwise breached a duty owed to the decedent, it cannot be held liable for the wrongful death of the decedent (*see Doe v Town of Hempstead Bd. of Educ.,* 18 AD3d 600 [2005]; *DelGrande v County of Westchester,* 293 AD2d 704 [2002]). Moreover, even if we were to accept as true the plaintiff's contention that the security company

breached its contractual obligation to supervise the security guards at the school, it is clear that such a breach could not be found to be a proximate cause of the accident (*see Mirand v City of New York,* 84 NY2d 44 [1994]). Thus, the security company's motion for summary judgment was also properly granted. Mastro, J.P., Balkin, Dickerson and Belen, JJ., concur.