■ JAMES J. REILLY et al., Appellants, v GARDEN CITY UNION FREE SCHOOL DISTRICT, Respondent. [934 NYS2d 204]—

Contrary to the plaintiffs' contention, the defendant timely moved to dismiss the complaint, inter alia, on the ground that the action was time-barred (*see* CPLR 3211 [e]; *Matter of Abramov v Board of Assessors, Town of Hurley*, 257 AD2d 958, 960 [1999]; cf. *Dougherty v City of Rye*, 63 NY2d 989, 991-992 [1984]; *Lipman v Vebeliunas*, 39 AD3d 488, 490 [2007]; *Fade v Pugliani/Fade*, 8 AD3d 612, 614 [2004]).

The Supreme Court erred in determining that the notices of claim filed by the plaintiffs were untimely, and that the action was time-barred (*see* General Municipal Law § 50-e [1] [a]; § 50-i [1]). The plaintiffs' cause of action to recover damages for intentional infliction of emotional distress accrued "when all elements of the tort" could "be truthfully alleged in a complaint" (*Snyder v Town Insulation*, 81 NY2d 429, 432 [1993]; *see Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94 [1993]; *Barrell v Glen Oaks Vil. Owners, Inc.*, 29 AD3d 612, 613 [2006]). One of the elements of the tort of intentional infliction of emotional distress is that the plaintiffs must suffer severe emotional distress (*see Howell v New York Post Co.*, 81 NY2d 115, 121 [1993]). In the case at bar, the plaintiffs could not have suffered severe emotional distress until the date of discovery of the written material which is the basis for their claim, on June 26, 2008. Thus, all of the elements of the tort of intentional infliction of emotional distress could not have been truthfully alleged in the complaint until that date. Accordingly, the notices of claim were timely filed and the action was not time-barred (*see Dixon v City of New York*, 76 AD3d 1043, 1044 [2010]; *Schultes v Kane*, 50 AD3d 1277 [2008]; *Long v Sowande*, 27 AD3d 247 [2006]).

Nevertheless, the Supreme Court correctly determined that the defendant was entitled to dismissal of so much of the complaint as alleged intentional infliction of emotional distress on the ground that the plaintiffs failed to state a cause of action. Even accepting the facts alleged in the complaint as true, according the plaintiffs the benefit of every possible inference, and according to the complaint a liberal construction (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Elisa Dreier Report-*

*ing Corp. v Global NAPs Networks, Inc.*, 84 AD3d 122 [2011]; *Holster v Cohen*, 80 AD3d 565, 566 [2011]; *Poliah v Westchester County Country Club, Inc.*, 14 AD3d 601 [2005]), the defendant's conduct, as alleged by the plaintiffs, did not constitute extreme and outrageous conduct (*see Howell v New York Post Co.*, 81 NY2d at 121; *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303 [1983]; *Stella v County of Nassau*, 71 AD3d 573, 574 [2010]; *Seltzer v Bayer*, 272 AD2d 263, 264-265 [2000]; *Shannon v MTA Metro-N. R.R.*, 269 AD2d 218, 219 [2000]; *Roach v Stern*, 252 AD2d 488 [1998]; *LaDuke v Lyons*, 250 AD2d 969, 972-973 [1998]; *Rubinstein v New York Post Corp.*, 128 Misc 2d 1 [1985]; Restatement [Second] of Torts § 46 [1]; *cf. Cavallaro v Pozzi*, 28 AD3d 1075, 1078 [2006]; *164 Mulberry St. Corp. v Columbia Univ.*, 4 AD3d 49 [2004]; *Esposito-Hilder v SFX Broadcasting*, 236 AD2d 186, 187-188 [1997]).

The parties' remaining contentions either need not be reached in light of our determination or are without merit. Angiolillo, J.P., Hall, Austin and Cohen, JJ., concur. **[Prior Case History: 2009 NY Slip Op 32871(U).]**