■ JERMELL DIXON, Respondent, v WILLIAM FLOYD UNION FREE SCHOOL DISTRICT, Appellant. [25 NYS3d 363]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated April 22, 2014, as denied those branches of its motion which were for summary judgment dismissing the causes of action alleging negligent supervision and demanding punitive damages.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging negligent supervision and demanding punitive damages are granted.

On March 2, 2010, the plaintiff, who was then a twelfth-grade student at William Floyd High School in the defendant William Floyd Union Free School District (hereinafter the District), allegedly sustained injuries when he was assaulted in a school hallway by the family members of a fellow student. A few days before the assault, the plaintiff and fellow student had an argument; however, there had been no physical altercation or threats of a physical altercation. The plaintiff commenced this action against the District, alleging, among other things, negligent supervision by the District. The District then moved for summary judgment dismissing the complaint. The defendant appeals from so much of the Supreme Court's order as denied those branches of the motion which were to dismiss the causes of action alleging negligent supervision and demanding punitive damages.

The District established its prima facie entitlement to judgment as a matter of law by demonstrating that it had no actual

or constructive knowledge or notice of any dangerous conduct on the part of the fellow student's family, and that the attack on the plaintiff was thus not reasonably foreseeable (*see Mirand v City of New York*, 84 NY2d 44 [1994]; *Conklin v Saugerties Cent. Sch. Dist.*, 106 AD3d 1424 [2013]; *Doe v Town of Hempstead Bd. of Educ.*, 18 AD3d 600, 601-602 [2005]; *Nocilla v Middle Country Cent. School Dist.*, 302 AD2d 573 [2003]; *Nossoughi v Ramapo Cent. School Dist.*, 287 AD2d 444 [2001]; *Harrell v County of Nassau*, 275 AD2d 440 [2000]; *Bretstein v East Midwood Jewish Ctr.*, 265 AD2d 442 [1999]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the District's motion which was for summary judgment dismissing the cause of action alleging negligent supervision.

Further, the Supreme Court should have dismissed the fourth cause of action, which demanded punitive damages, since punitive damages are not available against the District, as it is a public corporation (*see Krohn v New York City Police Dept.*, 2 NY3d 329 [2004]; *Hargraves v Bath Cent. School Dist.*, 237 AD2d 977, 978 [1997]). Moreover, New York State does not recognize an independent cause of action to recover punitive damages (*see Stein v Doukas*, 98 AD3d 1024, 1026 [2012]). Rivera, J.P., Austin, Sgroi and Barros, JJ., concur. █