Mackey v Lawrence Union Free Sch. Dist. (2024 NY Slip Op 01299)

Mackey v Lawrence Union Free Sch. Dist.

2024 NY Slip Op 01299

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2020-04785
2020-04786
2020-04787
 (Index No. 607044/18)

[*1]Amir Mackey, appellant, 
v
Lawrence Union Free School District, respondent.

Amir Mackey, Valley Stream, NY, appellant pro se.
Silverman & Associates, White Plains, NY (Gerald S. Smith of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for intentional infliction of emotional distress and negligence, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered January 16, 2020, (2) an order of the same court entered February 7, 2020, and (3) an order of the same court entered May 8, 2020. The order entered January 16, 2020, upon the stipulation of the parties, determined the plaintiff's motion to compel certain discovery. The order entered February 7, 2020, certified that the action was ready for trial. The order entered May 8, 2020, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the third through eleventh causes of action, converted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the first and second causes of action into a motion for summary judgment dismissing those causes of action, and adjourned the return date of the converted motion.
ORDERED that the appeal from the order entered January 16, 2020, is dismissed, as no appeal lies from an order entered upon the consent of the appealing party (see CPLR 5511; Gelin v New York City Tr. Auth., 189 AD3d 789, 792); and is it further,
ORDERED that the appeal from the order entered February 7, 2020, is dismissed; and it is further,
ORDERED that the appeal from so much of the order entered May 8, 2020, as converted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the first and second causes of action into a motion for summary judgment dismissing those causes of action and adjourned the return date of the converted motion is dismissed; and it is further,
ORDERED that the order entered May 8, 2020, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The order entered February 7, 2020, did not decide a motion made upon notice, and as such, no appeal lies as of right therefrom (see CPLR 5701[a][2]; Davidson Metals Corp. v Marlo Dev. Co., 262 AD2d 599, 599; Sherwood v Roper, 237 AD2d 275, 276). No application has been made for permission to appeal, and, under the circumstances of this case, leave to appeal is not granted (see CPLR 5701[c]; Sherwood v Roper, 237 AD2d at 276; Roberts v Modica, 102 AD2d 886, 886).
The appeal from so much of the order entered May 8, 2020, as converted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the first and second causes of action into a motion for summary judgment dismissing those causes of action and adjourned the return date of the converted motion must be dismissed, as that portion of the order did not finally decide a motion (see Katz v Katz, 68 AD2d 536, 542-543).
In 2018, the plaintiff commenced this action against the defendant Lawrence Union Free School District, inter alia, to recover damages for intentional infliction of emotional distress and negligence based on the plaintiff's allegations of misconduct by certain of the defendant's faculty and administrative employees. The defendant moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the third through eleventh causes of action. The plaintiff opposed. In an order entered May 8, 2020, the Supreme Court, among other things, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the third through eleventh causes of action.
Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the third through eleventh causes of action. In determining a motion to dismiss pursuant to CPLR 3211(a)(7), the pleadings are afforded a liberal construction, the facts as alleged in the complaint are accepted as true, and the plaintiff is accorded the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87; Fuller v Family Servs. of Westchester, Inc., 209 AD3d 983, 984). However, "allegations consisting of bare legal conclusions . . . are not entitled to any such consideration" (Simkin v Blank, 19 NY3d 46, 52 [internal quotation marks omitted]).
With respect to the third and fourth causes of action, which sought to recover damages for intentional infliction of emotional distress, the conduct alleged in the complaint was not extreme and outrageous (see Reilly v Garden City Union Free School Dist., 89 AD3d 1075, 1076-1077). Therefore, the Supreme Court properly directed dismissal of these causes of action.
With respect to the fifth cause of action, to the extent that this cause of action sought to recover damages for breach of fiduciary duty, the Supreme Court properly directed dismissal of the cause of action since the plaintiff failed to allege facts from which the existence of the requisite fiduciary relationship could be inferred (see J.D. v Roman Catholic Diocese of Brooklyn, 203 AD3d 880, 882). To the extent that the fifth cause of action sought to recover damages under the Dignity for All Students Act (Education Law § 10 et seq.; hereinafter DASA), the court properly directed dismissal of the cause of action, as DASA does not create a private right of action in favor of a student who contends that he or she is injured by an alleged failure of a school to enforce its policies prohibiting harassment (see Eskenazi-McGibney v Connetquot Cent. Sch. Dist., 169 AD3d 8, 9). To the extent that the fifth cause of action sought to recover damages for breach of a special relationship or breach of a duty in loco parentis, "this is not a cognizable cause of action under New York law" (Doe v Hauppauge Union Free Sch. Dist., 213 AD3d 809, 810).
Likewise, with respect to the sixth and seventh causes of action, the Supreme Court properly directed dismissal of those causes of action since the complaint failed to adequately allege a cause of action for which the defendant could be found vicariously liable (see Wijesinghe v Buena Vida Corp., 210 AD3d 824, 826). To the extent that those causes of action alleged that the defendant's employees violated DASA and that such violation constituted negligence per se, since DASA does not provide for a private right of action, an alleged violation of DASA cannot be the basis of a cause of action alleging negligence per se (see Eskenazi-McGibney v Connetquot Cent. Sch. Dist., 169 AD3d at 9).
With respect to the eighth through eleventh causes of action, which sought to recover damages for negligent supervision and training, the Supreme Court properly directed dismissal of those causes of action since the plaintiff alleged that the employees at issue were acting within the scope of their employment, and such claims against an employer do not lie where employees were acting within the scope of their employment (see Quiroz v Zottola, 96 AD3d 1035, 1037; Segal v St. John's Univ., 69 AD3d 702, 703). To the extent that those causes of action could be construed as seeking to recover punitive damages on the ground of alleged gross negligence in the defendant's supervision and training of its employees, since punitive damages are not available against the defendant as a public corporation, the court also properly directed dismissal of those causes of action (see Dixon v William Floyd Union Free Sch. Dist., 136 AD3d 972, 973).
The plaintiff's request for leave to amend the complaint is improperly raised for the first time on appeal (see Brandenburg v St. Michael's Cemetery, 92 AD3d 631, 633).
DUFFY, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court